STANDARD MERCANTILE COMPANY ET AL. *v.* STRONG.

[No. 25,689.   Filed June 28, 1934.]

*Sevald & Sevald* and *David M. Dillon,* for appellants.

*Tinkham & Galvin,* for appellee.

FANSLER, J.—Raymond Sherman and Sarah Sherman brought an action in the Lake superior court against appellants for possession of certain real estate in Lake county.   Upon filing of the complaint, and of an affidavit for possession as prescribed in ch. 254 of the Acts of 1927 (§3-1304, Burns 1933, §944, Baldwin's 1934), the clerk of the Lake superior court issued a writ for possession, directing the sheriff to seize and deliver the property to said Shermans.   Appellants brought this

action in the Lake circuit court to enjoin appellee, the sheriff of Lake county, from executing the writ.

Upon the filing of the verified complaint and bond in the Lake circuit court, a temporary restraining order issued, and upon a hearing for a temporary injunction, the Lake circuit court denied appellants the temporary injunction, from which denial this appeal is taken. The temporary restraining order was dissolved at the time the temporary injunction was denied. Appellants gave bond and perfected an appeal to this court within thirty days.

Appellee has interposed a motion to dismiss this appeal as moot, and has filed a certified copy of a return upon the writ of possession, from which it appears that on the 28th day of November, 1928, after the temporary restraining order was dismissed, and the temporary injunction refused, he notified appellants to vacate the premises described in the writ by the 3rd day of December, and that upon their failure he would eject them; that on the 3rd day of December, appellants not having vacated, he again notified them to vacate, and appointed a custodian to hold possession of the property described in the writ, and that appellant, Harry Perlmutter, informed him, "I have given you possession," and that his agents and employees packed the merchandise, and that the keys were delivered to the sheriff on the 3rd day of December; that on the 4th day of December a restraining order was issued from the Lake Superior Court, sitting at Gary (evidently another action), and that he, the sheriff, then held possession of the premises, and that on the 7th day of December, this latter restraining order was dissolved; that he thereupon ordered the defendants to remove the goods from the property, and that they removed part of said goods; and that upon said date plaintiffs' attorney notified the sheriff that Charles L. Surprise, as trustee,

was the owner of the merchandise located in the building on the property described in the writ, and of the lease sued on, by virtue of an assignment for the benefit of creditors; that he thereupon notified Charles L. Surprise of said writ of possession, and that he complied with the order and vacated the premises; and that on the 8th day of December, 1928, the sheriff delivered the real estate described in the writ, together with the building thereon, to the plaintiff in the original action, Sarah Sherman.

Appellee contends that since the appeal is from a judgment refusing to enjoin the sheriff from executing the writ and putting the Shermans in possession of the property, and since it has already been done, any judgment of this court in favor of appellants would not be operative, and that, therefore, the questions presented are moot.

Appellants do not dispute the facts set out in appellee's motion to dismiss, but contend that since they prayed an appeal and gave bond, proceedings were stayed for thirty days, and that the sheriff, therefore, had no authority to execute the writ. It might be suggested that whether or not the sheriff had authority, appellants have been divested of possession, and no restraining order against the sheriff could keep them in a possession which they have already lost. But appellants seem to misconstrue the effect of a stay of these proceedings. It must be remembered that there was no temporary injunction issued, and a stay of proceedings cannot have the effect of creating a temporary injunction that would prevent the sheriff from acting.

No appeal was attempted, nor will an appeal lie, from the order of the court dissolving the temporary restraining order. *Mason* v. *Milligan* (1916), 185 Ind. 319, 114 N. E. 3.

The facts shown in the petition to dismiss indicate a voluntary relinquishment of the real estate to the sheriff. If it were otherwise, appellants must seek some other remedy, since a thing already accomplished cannot be enjoined.

Appeal dismissed.