CITY OF INDIANAPOLIS *v.* POLLARD ET AL.
CITY OF INDIANAPOLIS *v.* PRODUCERS REALTY INC. ET AL.

[Nos. 29,932 and 29,933.   Filed May 4, 1960.]

*Michael B. Reddington* and *John J. Dillon,* both of Indianapolis, for appellants.

*Duge Butler, Jr., Paul W. Marrs, John C. O'Connor, Karl J. Stipher, Ruckelshaus, O'Connor & Ruckelshaus,* of counsel, and *Baker & Daniels,* of counsel, all of Indianapolis, for appellees.

ARTERBURN, C. J.—The appellants in each of the above entitled cases have filed petitions for supersedeas pending a decision in each of the respective appeals in this Court.

The appeals were taken from final judgments granting a permanent injunction enjoining the appellant, City of Indianapolis, from taking any further action to annex certain land (in Center Township) described in Special Ordinance No. 22, 1959 and No. 24, 1959.

The petitioner (and appellant), City of Indianapolis, contends that the Marion Circuit Court erred in granting the permanent injunction against the annexation "and that the court should remedy and rectify the same by supersedeas without Bond, the appellant having no

other proper or available remedy in that time is of the essence of the administration program." (For annexation.)

.We may not in an application for a supersedeas review the merits or demerits of the judgment from which the appeal is pending, nor may we entertain a collateral attack upon a judgment such as that rendered in another annexation proceedings under Special Ordinance No. 26, 1955.

Supersedeas is a process issued by an Appellate Court, designed to supersede the enforcement of the judgment of the court below pending an appeal. Up to the time of initiation of the appeal the trial court, still having jurisdiction under the statutes of this State, may stay the execution of a judgment upon the giving of a bond. After the initiation of an appeal the court to which the appeal is taken has jurisdiction to supersede the judgment or stay the execution thereof upon a petition for supersedeas. Rules of the Supreme Court 2-3; Flanagan's Indiana Trial and Appellate Practice, §2221, p. 58; 3 Am. Jur., Appeal & Error, §536, p. 195; *State ex rel. Hawthorne* v. *Pefley, Judge* (1948), 226 Ind. 353, 80 N. E. 2d 110.

Prior to the abolition of the distinctions between term-time and vacation appeals in this State, execution of a judgment could be stayed by filing an appeal bond with the trial court in term-time or petitioning for a supersedeas to the reviewing court if the appeal were taken in vacation time. Rule 2-3 of this Court abrogated the distinction between term-time and vacation appeals and provides that so long as the trial court has jurisdiction before the initiation of the appeal, it may approve an appeal bond which stays the judgment, and after the commencement of the appeal an application must

be made to the appellate tribunal for a stay or supersedeas.

However, that rule further provides:

". . . Nothing herein shall be construed as giving the right to stay, by giving such bond, any judgment or order which cannot now be stayed or suspended by the giving of an appeal bond."

The general rule in most jurisdictions is that in the absence of a statute authorizing the giving of a bond, the execution of a judgment on appeal is not stayed. Flanagan's Indiana Trial and Appellate Practice, §2222, p. 59; 2 I. L. E., Appeals, §232, p. 55; 3 Am. Jur., Appeal & Error, §537, p. 194.

We must, therefore, give some consideration to the basis under which the operation of a judgment may be stayed or superseded after an appeal is initiated. As a general principle, a prohibitory injunction may not be suspended pending an appeal. The reasoning behind such a principle is that so far as possible pending the final determination of the litigation, the parties should be kept in status quo and neither party permitted to do an act which will irreparably damage or injure the other party, with the result that the appeal will prove inadequate and futile. Thus, in *The C. U. Telephone Co. et al.* v. *State, ex rel. Board of Commrs. of Tippecanoe Co.* (1887), 110 Ind. 203, 10 N. E. 922, 12 N. E. 136, an injunction was issued against a telephone company placing poles on the public square in the City of Lafayette. The telephone company thereafter appealed and gave bond and proceeded to erect the telephone poles. The Court said, in holding the telephone company in contempt of court: (p. 204)

"The effect of supersedeas is to restrain the appellee from taking affirmative action to enforce his

decree, but it does not authorize the appelant to do what the decree prohibits him from doing. The doctrine which our decisions have long maintained is thus stated in *Nill* v. *Comparet*, 16 Ind. 107: 'Indeed, the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding on the parties, as to every question directly decided.' "

In the petitions for supersedeas before us we are asked to stay the permanent injunctions which prevent the City of Indianapolis from proceeding further in the annexation of certain specified territory in Center Township. The injunction is prohibitory in character. To stay the operation of the injunction pending an appeal on its merits would give the city the opportunity to proceed with the annexation and thus create a *fait accompli* by the time the appeal could be determined—thus presenting issues which might be moot. Appellees are entitled to have the situation remain in status quo and not be subject to further expense and burdens in remonstrating and opposing the maneuvering of the city until a decision on the city's appeal is determined.

The petitions for supersedeas are denied.

Jackson, Landis and Achor, JJ., concur.

Bobbitt, J., concurs in result.

NOTE.—Reported in 166 N. E. 2d 648.