BARNS, PAUL D., Associate Judge.
This is an appeal from a judgment on a supersedeas bond rendered on motion of the appellee after the decree appealed from had been affirmed. We find error and reverse.
The parties to this suit were divorced in 1961 and thereafter the husband brought a suit in partition of their former marital domicile, resulting in the husband becoming the purchaser at the sale ordered in the partition suit. At that time, the wife was in possession, by virtue of an award to that effect in the final decree of divorce. On appeal by the wife, the final decree in the partition suit was affirmed. Hickman v. Hickman, Fla.App.1962, 147 So.2d 555, and certiorari denied by the Supreme Court on April 7, 1963, 155 So.2d 150.
Upon the appeal by the wife the lower court granted a supersedeas, fixing the amount and conditions of the bond, viz.: “conditioned as required by law in the amount of One Thousand Dollars ($1,-000.00).” The chancellor did not fix the conditions of the bond as authorized by Fla.App. Rule 5.9, 31 F.S.A., but did approve the subject bond conditioned “to pay * * * damages for delay, use, detention and depreciation of the property” in event of affirmance.
The supersedeas became effective on April 19, 1962, and terminated not later than the filing of the mandate, or like process, of this court. There is no showing of any wrongful withholding of possession after the termination of the-appeal, even if the bond should be sufficient to indemnify the husband in that respect. The wife surrendered the possession on demand several months after the termination of the appeal and the chancellor allowed damages for this period when it was occupied by his former family.
We affirm the finding that the rental value of the property was $71.25 per month, but reverse and remand, at the cost of the appellant, for further proceedings not inconsistent herewith, and with directions to allow damages only for the rental value during the pendency of the appeal for the time that the supersedeas was in effect and for costs.
Affirmed in part and reversed in part.
ALLEN, C. J., and SHANNON, J., concur.