JOSEPHINE SKENDZEL, JEAN LEGOWSKI AND BERNICE WYSOCKI
*v.* AGNES P. MARSHALL AND CHARLES P. MARSHALL.

[No. 773S145.  Filed July 14, 1975.]

*Richard F. DeTar,* of Indianapolis, *Frank E. Spencer,* of Indianapolis, for appellants.

*LeRoy K. Schultess,* of LaGrange, *Howard E. Petersen,* of LaGrange, for appellees.

HUNTER, J.—Following the denial of certiorari by the United States Supreme Court of this Court's opinion on transfer in this matter, the trial court requested that the parties submit a proposed decree in compliance with the order of remand contained in the opinion.  That order was as follows:

> "For all of the foregoing reasons, transfer is granted and the cause is reversed and remanded with instructions to enter a judgment of foreclosure on the vendors' lien, pursuant to Trial Rule 69(C) and the mortgage foreclosure statute (IC 1971, 32-8-16-1 (Ind. Stat. Ann., § 3-1801 [1968 Repl.])) as modified by Trial Rule 69(C).  Said judgment

shall include an order for the payment of the unpaid principal balance due on said contract, together with interest at 8% per annum from the date of judgment. The order may also embrace any and all other proper and equitable relief that the court deems to be just, including the discretion to issue a stay of the judicial sale of the property, all pursuant to the provisions of Trial Rule 69(C). Such order shall be consistent with the principles and holdings developed within this opinion." *Skendzel v. Marshall,* (1973) 261 Ind. 226, 301 N.E.2d 641, 650-51.

Vendors filed a motion for a hearing, the purpose of such motion being to provide the trial court with evidence "of any and all other equitable relief" which the trial court might grant the vendors. Specifically, the vendors hoped to focus the court's attention upon lines of inquiry suggested in a separate opinion.[1] The trial court impliedly overruled vendors' motion when it entered its judgment of foreclosure on August 6, 1974. The judgment contained findings, in part, that:

"(a)   Interest at the rate of 8% should accrue on the balance due of $15,000.00, from said date of August 6, 1974;

"(b)   The delinquent taxes paid by the plaintiff Josephine Skendzel were in the amount of $5,047.91; that the delinquent taxes paid by plaintiff Bernice Wysocki were in the sum of $1,837.06; and that a

---

1. The portion of the concurring opinion of Prentice, J., upon which the vendors based their motion states:

"If the court finds that forfeiture, although provided for by the terms of the contract, would be unjust, it should nevertheless grant the vendor the maximum relief consistent with equity against a defaulting vendee. In so doing, it should consider that, had the parties known that the forfeiture provision would not be enforceable, other provisions for the protection of the vendor doubtlessly would have been incorporated into the agreement. Generally, this would require that the transaction be treated as a note and mortgage with such provisions as are generally included in such documents customarily employed in the community by prudent investors. Terms customarily included in such notes and mortgages but frequently omitted from contracts include provisions for increased interest during periods of default, provision for the acceleration of the due date of the entire unpaid principal and interest upon a default continuing beyond a reasonable grace period, provisions for attorneys' fees and other expenses incidental to foreclosure, for the waiver of relief from valuation and appraisement laws and for receivers."

Skendzel v. Marshall, (1973) 261 Ind. 226, 301 N.E.2d 641, 651.

reimbursement of 'any additional taxes necessarily paid and including 8% interest on such taxes and any additional taxes, are also a lien on the lands';

"(c) The three named plaintiffs 'are entitled to attorneys' fees in the sum of $1,000.00 and shall be a lien on the lands'; and

"(d) Upon the sale of the real estate, stayed for 65 days to give the defendants an opportunity to redeem, the proceeds of the sale would be applied to pay one-half of the costs and 'accruing costs', the payment of the 'vendor's lien and all parts of the same' and 'reimbursement and payment of interest as hereinabove set out'; . . ."

Plaintiffs-vendors filed a motion to correct errors, asserting that the new judgment was inequitable and insufficient. Hearing was held on the motion to correct errors, during which counsel for the vendors renewed the prior motion for a hearing. When the trial court overruled both motions, plaintiffs commenced this original action for mandate to force compliance with the decision.

When an appellate court remands a cause to the trial court with instructions for further proceedings, the appellate court retains jurisdiction to see that its instructions are carried out. *Union Trust Co.* v. *Curtis*, (1917) 186 Ind. 516, 116 N.E. 916, and cases cited therein. If the trial court on remand refuses to comply with the order, in full or in part, intentionally or by mistake, the party aggrieved thereby may promptly seek a writ of mandate from the Court issuing the order to enforce compliance with its terms. When such claim is advanced, the procedure of this Court has been to compare the action taken by the trial court with the action ordered. *State ex rel. Pub. Serv. Comm'n.* v. *Marion Cir. Ct.*, (1953) 232 Ind. 561, 114 N.E.2d 879. A comparison of the instructions to the trial court, contained in our opinion and set out above, and the final judgment entered demonstrates a compliance with all the mandatory aspects thereof. The order on remand stated that the judgment *"may also embrace any and all other equitable relief that the court*

deems just." The award of further equitable relief being specifically committed to the discretion of the trial court by the remand order, an action for mandate to force compliance with said order will not ordinarily lie to challenge the quantity or quality of the discretionary relief afforded. *But see Union Trust Co.* v. *Curtis, supra.* Accordingly, the petition for writ of mandate is denied.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 330 N.E.2d 747.