CEMENT-MASONRY WORKERS UNION, LOCAL No. 101 *v.*
RALPH M. WILLIAMS ENTERPRISES.

[No. 3-375A36. Filed July 12, 1976.]

*Joseph V. Simeri, Kramer, Rowe, Sweeney, Butler, Simeri & Laderer,* of South Bend, for appellant.

HOFFMAN, J.—This is an appeal from a judgment of the trial court granting a permanent injunction and awarding damages. The appellee did not file a brief. On October 31, 1973, appellee filed a complaint praying for a temporary restraining order restraining certain picketing, a temporary injunction enjoining the same, and a permanent injunction. An affidavit was also filed and the trial court entered an *ex parte* restraining order. On November 7, 1973, a hearing was held on the temporary injunction. On November 13, 1973, the same was granted and on November 15, 1973, findings of facts were entered and the temporary injunction issued. After a change of judge was perfected appellee filed a second amended complaint on June 7, 1974, praying for compensatory damages, costs and such further relief to which it might be entitled. On July 11, 1974, defendant-appellant filed an answer to such

second amended complaint. After the entering of a pretrial order on September 11, 1974, the cause was submitted for trial on September 16, 1974. The judgment of the trial court was entered on September 19, 1974.

After making certain findings of facts the following judgment was entered:

"IT IS, THEREFORE, ORDERED, CONSIDERED AND DECREED as follows:

"1. The temporary injunction heretofore entered by this court on November 25, 1973, [November 15, 1973] is hereby made permanent in that said defendant should be and hereby is permanently enjoined from any picketing of the plaintiff which contains false or misleading statements or any picketing or conduct which blocks ingress or egress to plaintiff's property.

"2. That the plaintiff have and recover of and from the defendant damages for his lost time in the sum of $2,400.00, and the costs of this action."

From this final judgment appellant perfected this appeal.

From the pretrial order entered by the trial judge it is obvious that he proceeded on the theory that since the issuance of a temporary injunction had not been appealed he was bound by the findings of fact entered by the trial court and that the only issue was one of damages. This supposition was erroneous.

"The question for the court upon the interlocutory application is not the final merits of the case. When the case comes on to be heard, the final merits may be very different." *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, at 157, 172 N.E. 353, at 354.

"In regard to the above findings it must be emphasized that these findings are considered here only as a basis for the temporary injunction and are not here considered as findings on the merits of the case in chief." *Grothe et al.* v. *Herschbach et al.* (1972), 153 Ind. App. 224, at 229, 286 N.E.2d 868, at 872 (transfer denied).

Thus, the trial judge was not bound by the findings of facts entered when the temporary injunction was issued.

However, Ind. Rules of Procedure, Trial Rule 65(A)(2), states:

"(2) Consolidation of hearing with trial on merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

Thus, the trial judge considers all of the admissible evidence presented at the hearing for a temporary injunction at the trial on the merits.

In this case the pretrial order contained the following:

"2. No evidence which has been previously submitted will be offered at the scheduled trial or will be considered by the court since the burden and quantum of proof upon trial of the merits differs from that which the court might have heretofore considered with respect to the application for a temporary injunction."

The trial judge has expressly stated that he will not consider any evidence that was presented at the hearing for a temporary injunction. If such evidence was not considered by the trial judge there was no evidence to support the judgment of the trial court.

Since the trial judge precluded himself from considering such evidence, the record is devoid of evidence to support the judgment of the trial court.

Judgment reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 350 N.E.2d 656.