RIGGS MARINE SERVICE, INC., Plaintiff-Respondent,

v.

Donald B. McCANN, Defendant-Appellant.

Court of Appeals

*No. 90-1537. Submitted on briefs December 11, 1990.—Decided February 13, 1991.*

(Also reported in 467 N.W.2d 155.)

846

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald B. McCann, pro se,* of Cleveland, Ohio.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John R. Emery* of *Sager, Pavlick & Wirtz, S.C.* of Fond du Lac.

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   Donald B. McCann appeals *pro se*[1] from a judgment striking his answer to the complaint and granting default judgment in favor of Riggs Marine Service, Inc. Although it is unclear from his briefs, on appeal McCann apparently is seeking to reinstate his answer, to vacate the order for default judgment and to have summary judgment entered in his favor. McCann appears to argue that the trial court abused its discretion in striking his answer and granting default judgment. We disagree and affirm the order of the trial court.

Riggs, a Wisconsin corporation, sued McCann, an Ohio resident, for $5000. Riggs claimed McCann failed to fulfill his obligations under a contract to purchase four boat engines from Riggs. Riggs served McCann by publication pursuant to sec. 801.11(1)(c), Stats. On December 19, 1989, McCann appeared specially in the trial court and moved to quash the summons on the

---

[1]McCann's attorney, who represented him throughout this suit, moved to withdraw for cause on April 24, 1990. The trial court granted the motion on April 26.

grounds that the trial court lacked personal jurisdiction. The trial court determined it did have jurisdiction under Wisconsin's long-arm statute because McCann had sufficient contacts in the state. The trial court then ordered McCann to answer within twenty days.

On January 8, 1990, the twentieth day, McCann filed a notice of appeal. He also requested a stay pending appeal, which the trial court granted on January 16. Riggs moved for default judgment on the grounds that McCann had failed to answer. The trial court did not rule on Riggs' motion while the appeal was pending.

On April 16, 1990, McCann filed a voluntary dismissal of his appeal. The court of appeals dismissed the appeal that same day and filed a remittitur with the trial court on April 18. On May 14, 1990, twenty-six days after remittitur, McCann filed an answer to the complaint. Riggs then moved to strike the answer and requested a ruling on its earlier motion for default judgment on the grounds that the time for joining issue had expired. The trial court struck the answer and granted the motion for default judgment on June 14, 1990. McCann appeals.

Although not clearly stated, we understand McCann to be making two main arguments: first, that the trial court never had personal jurisdiction over him and, therefore, did not have jurisdiction to grant default judgment; and, second, that his answer was timely because the stay was still in effect at the time his answer was filed.

Section 801.05, Stats., which governs personal jurisdiction, states in part:

> **801.05 Personal jurisdiction, grounds for generally.** A court of this state having jurisdiction of the subject matter has jurisdiction over a person

served in an action pursuant to s. 801.11 under any of the following circumstances:

. . ..

(5) LOCAL SERVICES, GOODS OR CONTRACTS. In any action which:

. . ..

(d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction . . ..

Subject matter jurisdiction is not contested in this case by either party. The transaction between Riggs and McCann involved the sale and shipping of four outboard motors by Riggs, in Wisconsin, to McCann, in Ohio, on McCann's direct order. It is precisely the type of business transaction covered by sec. 801.05(5)(d). There is no dispute as to adequate notice under sec. 801.11(1)(c), Stats. We agree with the trial court's ruling that it did have personal jurisdiction over McCann.

Turning to McCann's second argument that his answer was timely, we conclude that it was not. A trial court may grant a default judgment when a party fails to join issue and the time for joining issue has expired. Section 806.02(1), Stats. However, the failure to join issue does not, as a matter of right, entitle the other party to a default judgment. *Hansher v. Kaishian,* 79 Wis. 2d 374, 387, 255 N.W.2d 564, 571 (1977). The question of whether the default judgment should be granted is a matter within the trial court's discretion. *Id.* at 387–88, 255 N.W.2d at 571–72. Section 806.02(1) confers wide discretion upon trial courts, the exercise of which will not be disturbed on appeal except in the case of clear abuse. *Hansher,* 79 Wis. 2d at 389, 255 N.W.2d at 572.

■ McCann argues his answer was timely because a stay was in effect. However, a stay continues to operate only while the cause is pending and undetermined. *See, e.g., Hickman v. Hickman,* 177 So. 2d 844, 845 (Fla. Dist. Ct. App. 1965) (stating that supersedeas[2] terminates not later than the filing of the mandate of the court of appeals); *see also Greenfield v. Horton,* 64 S.W.2d 369, 370 (Tx. Ct. App. 1933) (stating that an appeal perfected by giving a supersedeas bond[3] merely suspends the execution of the judgment during its pendency; when a final order dismisses the appeal, the judgment of the trial court becomes effective). After the dismissal of the appeal by the court of appeals, the cause of the stay—here, the leave to appeal—was no longer pending. As a result, the stay ceased to be in effect.

■ McCann also implies that the April 26, 1990 order allowing withdrawal of his counsel effectuated a stay. However, McCann cites no legal authority for this proposition. This court need not consider arguments unsupported by references to legal authority. *See State v. Shaffer,* 96 Wis. 2d 531, 545-46, 292 N.W.2d 370, 378 (Ct. App. 1980).

■ Upon obtaining voluntary dismissal of his appeal, McCann did not file his answer or request a further extension of time. After remittitur, the stay ceased to be

[2]Supersedeas is "[t]he name of a writ containing a command to stay the proceedings at law." *Black's Law Dictionary* 1437 (6th ed. 1990).

[3]Supersedeas bond is "[a] bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Black's Law Dictionary* 1438 (6th ed. 1990).

in effect and he was not automatically granted another twenty days in which to file his answer. A stay only operates to toll the running of the time period within which a particular act is to be done in that court. *State ex rel. Rabe v. Ferris,* 97 Wis. 2d 63, 68, 293 N.W.2d 151, 154 (1980). Because the twenty-day time period in which McCann was to file his answer had already run at the time the stay was granted, McCann had no time left. He moved for no further extension to file his answer and offered no affidavit as to any excusable neglect. *See* sec. 801.15(2)(a), Stats. Instead, he simply filed his answer twenty-six days after remittitur.

McCann's answer was untimely and since he failed to make a showing of excusable neglect, the trial court did not abuse its discretion in striking his answer and granting default judgment.

*By the Court.*—Judgment affirmed.