**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**WINDY CITY FIREWORKS, INC., Appellee (Defendant Below).**

No. 25S03–9302–CR–200.

Supreme Court of Indiana.

Feb. 3, 1993.

Linley E. Pearson, Atty. Gen. of Indiana and Richard A. Brown, Fulton County Prosecutor, Rochester, for appellant.

Alan D. Burke and Rosemary Higgins Burke, Rochester, for appellee.

John H. Brooke, amicus curiae, Indiana Fireworks Dealers Ass'n, Muncie.

John R. Schaibley, III and Paul B. Overhauser, amicus curiae, Celebration Fireworks, Inc., Indianapolis.

PER CURIAM.

Seven years ago, in a unanimous decision, this Court held that retail fireworks dealers could not avoid prosecution for selling illegal fireworks, simply by asking purchasers to sign a statement to the effect that they were nonresidents who were going to immediately ship the illegal fireworks out of state. *Hill v. State* (1986), Ind., 488 N.E.2d 709.

The General Assembly has since enacted modest amendments to the fireworks statute, Ind.Code Ann. § 22–11–14–1 to –10 (West 1991) without abandoning, in our judgment, its manifest desire to reduce the number of children and adults burned or injured by fireworks. The Court of Appeals reached the same conclusion, that the legislature has not opened any new loophole by its recent amendments. It held that "a *retail* sale of items not approved for retail sale in Indiana cannot be legitimized by the execution of a statement of intent to ship the prohibited items out of state." *State v. Windy City Fireworks, Inc.* (1992), Ind.App., 600 N.E.2d 555, 559. Windy City seeks transfer.

We grant Windy City's petition and adopt the opinion of the Court of Appeals. Ind. Appellate Rule 11(B)(3). Retail sale of illegal fireworks to the general public is not rendered legal by the routine use of written assurances.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.

KRAHULIK, J., dissents without opinion and would affirm the trial court.