**Larry COOLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9208–CR–396.

Court of Appeals of Indiana,
Second District.

Sept. 21, 1994.

Howard Howe, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Larry Cooley (Cooley) appeals a sentence enhancement of thirty years which was imposed by the trial court upon remand. Cooley was originally convicted of three crimes in a bifurcated bench trial, attempted robbery while armed with a deadly weapon (count I), a class B felony; carrying a handgun without a license (count III), a class D felony; and resisting law enforcement (count IV), a class A misdemeanor. On August 4, 1991, he was sentenced to twenty years, one and one-half years, and one year, respectively. Cooley's conviction upon count III, carrying a handgun without a license, had originally been a class A misdemeanor; however, the trial court elevated that conviction to a class D felony, then imposed a thirty year sentence enhancement once Cooley was found to be an habitual offender as per Indiana Code 35–50–2–8 (Burns Code Ed. 1985).

Upon Cooley's appeal of these convictions, this court, in a memorandum decision, reversed the handgun conviction as a lesser included offense of attempted robbery. We ordered the trial court to vacate that conviction. *Cooley v. State* (1991) 577 N.E.2d 277 (Cooley I). The trial court vacated the handgun conviction in a hearing held on February 10, 1992. Later, the court purported to hold a resentencing hearing upon Cooley's two other convictions. In this hearing, the thirty-year enhancement was "re-positioned" (*Appellee's Brief* at 4) to enhance his one year misdemeanor sentence for resisting law enforcement.

It is this resentencing which Cooley now challenges. Cooley claims that the trial judge erroneously failed to clearly articulate the specific grounds underlying the revised sentence. He further claims that he was denied effective assistance because counsel failed to object when the trial judge excluded Cooley's opportunity to make a statement in his own behalf. Because we reverse the action taken by the trial court upon other grounds, we need not address these claimed errors.

We conclude that the trial court erred in two respects. First, it failed to follow this court's instructions when it held a resentencing hearing after vacating Cooley's handgun

conviction. Second, the revised sentence cannot stand because the trial court erroneously "repositioned" Cooley's thirty-year habitual offender enhancement.

It is the State's position that, since the cause was not remanded for resentencing, the hearing held after the vacation of Cooley's handgun conviction could not have been a resentencing. Subsequently, the State argues that proper procedures for resentencing were not required. We agree that the cause was not remanded for resentencing. However, we fail to see the logic in allowing any errors which may have been encompassed therein to go unnoticed by this court.

When we remanded Cooley's case upon his first appeal with instructions to the trial court to vacate the handgun conviction, Cooley's two additional convictions were "in all other things affirmed." Record at 61, *Cooley I.* The trial court followed our instructions in its February 20, 1992 hearing, in which that conviction was vacated. The State concedes that, at this point, the trial court had fully executed its duty.[1] Yet, the court later reconsidered Cooley's other sentences in its March 10, 1992 hearing.

Not only did the trial court expand upon our instructions in *Cooley I,* but it also erroneously imposed the thirty-year enhancement upon a misdemeanor. Indiana Code 35–50–2–8(a) and case law make clear that an underlying felony is essential to an habitual offender determination and to subsequent sentencing. *Dotson v. State* (1984) Ind., 463 N.E.2d 266, 268.[2] Thus, the trial court, at the March 10, 1993 hearing, imposed an enhancement upon Cooley's misdemeanor conviction which was contrary to law.

The State specifically requests that this court remand the present cause in order that it may re-impose the thirty-year habitual offender enhancement upon the attempted robbery conviction, Cooley's remaining felony.[3] However, a remand for that purpose would require us to engage in speculation and to render an advisory opinion upon proceedings which at some time in the future may or may not take place.[4] It would also require analysis of various considerations which have not been fully briefed by counsel. We decline to do so.

The thirty-year sentence enhancement imposed by the trial court upon Cooley's misdemeanor conviction is hereby reversed and is set aside. The matter is remanded to the trial court with instructions to enter judgment upon the conviction of Count IV with a sentence not to exceed one year. The trial court is further instructed to order such one-year sentence to run concurrently with the twenty-year sentence heretofore imposed upon Count I.

FRIEDLANDER and BARTEAU, JJ., concur.

1. We must here recognize that the Court of Appeals retains jurisdiction to see that the instructions given the trial court are carried out upon remand. *Skendzel v. Marshall* (1975) 263 Ind. 337, 330 N.E.2d 747, 749.

2. A separate provision existed and now exists with respect to Habitual Class D felony offenders. I.C. 35–50–2–7.1. Clearly it has no application to a situation, as here, in which the underlying offense is resisting law enforcement, a Class A misdemeanor.

3. The State argues that the additional thirty years upon Cooley's habitual offender determination was mandated by the language of I.C. 35–50–2–8(e) (Burns Code Ed.1985) which, at the time Cooley was originally sentenced, read in pertinent part: "(e) The court shall sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years impris-

onment to be added to the term of imprisonment imposed under section 3, 4, 5, 6 or 7 of this chapter." However, we caution the State that a further resentencing of Cooley as per his habitual offender determination would require application of the current version of I.C. 35–50–2–8(e). That version does not mandate a specific time period.

4. We recognize that Cooley has already begun serving the sentence upon his remaining felony conviction. It is axiomatic that a sentence upon an habitual offender determination is not in addition to the crime, but is the sentence for the crime. *Woodcox v. State* (1992) Ind., 591 N.E.2d 1019. Thus, a resentencing at this late date is subject to question, as it may act as a sentence modification, rather than simply the correction of a procedural error in the habitual offender sentence. *See Gipson v. State* (1986) Ind., 495 N.E.2d 722, 723.