**WORLDCOM NETWORK SERVICES, INC., Appellant–Plaintiff,**

v.

**Darryl THOMPSON, Appellee–Defendant.**

No. 55A05–9701–CV–33.

Court of Appeals of Indiana.

Aug. 7, 1997.

V. Samuel Laurin, III, George T. Patton, Jr., Andrew McNeil, Bose McKinney & Evans, Indianapolis, for Appellant–Plaintiff.

Max E. Goodwin, Bruce D. Aukerman, Mann Law Firm, Terre Haute, James O. McDonald, Everett Everett & McDonald, Terre Haute, for Appellee–Defendant.

## OPINION ON PETITION TO HOLD IN CONTEMPT

SHARPNACK, Chief Judge.

WorldCom Network Services, Inc. ("WorldCom") has filed a verified petition to hold appellee, Darryl Thompson in contempt for violating this court's order of January 31, 1997, granting a stay pending appeal. The initial issue for our review is whether the effect of our order dated April 21, 1997, was to lift the stay previously entered by this court.[1] We answer that question in the negative.

### Background

This case involves a dispute over the placement of a fiber-optic cable line. Thompson owns real estate in Morgan County that abuts Baltimore Road. This real estate was conveyed to Thompson and his wife, Sonja, pursuant to a deed that provides the convey-

1. We held oral argument on May 30, 1997.

ance is "[s]ubject to easements, restrictions and rights-of-way of record or observable."

WorldCom, a telephone company and public utility, sought to install fiber-optic telecommunications cables. WorldCom buried the cables in ground between Baltimore Road and a fence constructed on Thompson's property. The parties dispute whether the county had a right-of way on that ground and, ultimately, whether WorldCom was a trespasser on Thompson's land.[2] The construction was completed by October 31, 1996. Thompson primarily claims that the right-of-way did not include the area utilized by WorldCom and that the ground where WorldCom installed the cable belongs to him.

The parties dispute how often and to whom Thompson complained. The parties agree that around December 17, 1996, Thompson spoke with a WorldCom representative and told the representative that WorldCom did not have the right to install the cables. Later, on January 9, 1997, Thompson informed a WorldCom representative that he intended to remove the cables from the ground.

### Procedural History

On January 10, 1997, WorldCom filed a complaint for injunctive relief in the Morgan Superior Court, seeking to enjoin Thompson and all persons acting in concert with him from interfering with the cables, including tearing up or otherwise removing them. The trial court issued a temporary restraining order ("TRO") on January 10, 1997, pending a hearing on WorldCom's application for a preliminary injunction.

On January 21, 1997, the trial court held a hearing on the complaint for injunctive relief and took the matter under advisement. On January 24, 1997, the trial court denied the preliminary injunction and rescinded the TRO previously entered. As a result of this denial, WorldCom filed an emergency petition for stay pending appeal of the denial of a preliminary injunction in this court.

On January 25, 1997, we issued an immediate temporary stay pending appeal against Thompson until a hearing could be held regarding a permanent stay pending appeal. The immediate temporary stay restrained, enjoined, and prohibited Thompson, and each of his agents, servants, and all persons in concert and participation with him from:

"Interfering in any manner whatsoever with WorldCom's interest in cable installed on right-of-way located in Morgan County and installed pursuant to a permit issued by the Morgan County Highway Department, including but not limited to, removing or tearing up cable installed on right-of-way between Baltimore Road and the fence on Mr. Thompson's property, such property being described by a Trustee's Deed dated June 25, 1982 from Bernadine Ambrose, et al. to Darryl Thompson and Sonja Thompson. The Deed is attached to WorldCom's Complaint as Exhibit 1."

After hearing oral argument on January 29, 1997, and taking the matter under advisement, we continued the immediate temporary stay "pending further order of this Court." On January 31, 1997, we granted the stay pending appeal of the denial of WorldCom's request for a preliminary injunction as follows:

"The court, having heard argument herein on January 29, 1997, and having taken the matter under advisement on the petition of appellant WorldCom for a stay pending appeal, now concludes its consideration and determines that a stay be granted pending appeal of the trial court denial of appellant WorldCom's request for a preliminary injunction.

It is, therefore, ORDERED:

1. The temporary stay granted January 25, 1997, and continued in effect on January 29, 1997, shall remain in effect until further order of this court, conditioned, however, upon the posting by appellant WorldCom with the clerk of the Morgan Superior Court not later than 4:00 P.M. on Tuesday, February 4, 1997, of security as provided for in Trial Rules 65 and 65.1 in the amount of One Hundred Thousand Dollars ($100,000.00).

2. These issues are not now before this panel of the court. However, in another appeal pending before this court in the fourth district, *WorldCom v. Thompson*, Ind.App. No. 32A04–9705–CV–00196, these issues may be considered.

2. No extensions of time will be allowed for the filing of the record and briefs herein."

WorldCom timely filed a bond. On February 3, 1997, Thompson petitioned this court to reduce the time within which WorldCom was required to file the record, and we ordered the record to be filed by February 14, 1997.

On March 25, 1997, WorldCom filed a motion for leave to present newly discovered evidence in the trial court in support of a preliminary injunction. In the motion, WorldCom specifically requested that this court "remand jurisdiction to the trial court, suspend consideration of the appeal with the stay in effect, and permit the trial court to receive the evidence and rule on the request for a preliminary injunction." The following day, we ordered that if Thompson intended to file a response to this motion, Thompson had do so within ten days. On April 3, 1997, Thompson filed a response to WorldCom's petition for leave and a motion to dismiss appeal and order of stay pending appeal.

On April 21, 1997, this court entered an order remanding the case to the trial court and terminating the appeal. Omitting formal parts, the order reads in its entirety as follows:

## "ORDER

Appellant, Worldcom [sic] Network Services, Inc. (hereinafter "Worldcom" [sic]) has filed its Verified Motion For Leave to Present Newly Discovered Evidence In The Trial Court, to which Appellee, Darryl Thompson has filed a response. Thompson has filed a Motion To Dismiss Appeal and Order Of Stay Pending Appeal, to which Worldcom [sic] has filed its response. Being duly advised, the court now makes the following ruling on these motions.

Thompson's Motion To Dismiss is denied. The seeking of potential alternative relief by Worldcom [sic] does not provide a basis for dismissal of its appeal from the denial of its application for a preliminary injunction.

Worldcom's [sic] Motion For Leave To Present Newly Discovered Evidence is granted. Although the situation here does not involve a request to present an Ind.Trial Rule 60(B) motion to the trial court as in *Logal v. Cruse*, 267 Ind. 83, 368 N.E.2d 235 (1977), *cert. denied*, 435 U.S. 943, 98 S.Ct. 1523 [55 L.Ed.2d 539], it does involve a situation where there is a substantial likelihood that return of the case to the trial court for further consideration would result in the trial court granting a preliminary or permanent injunction as prayed for by Worldcom [sic].

A ruling on a preliminary injunction is an interlocutory order pursuant to Ind.Appellate Rule 4(B)(3); *see Hollingsworth v. Key Benefit Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct.App.1995) (an order is interlocutory when it is 'made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy') (citation omitted), *reh'g denied, trans. denied.* Given that the denial of a preliminary injunction is in the nature of an interlocutory order, the review of such action is not subject to T.R. 60(B), which by its own terms applies to an entry of default, final order, or final judgment.

The ruling on a preliminary injunction is not res judicata as to an application for a permanent injunction. *See Cement–Masonry Workers Union, Local No. 101 v. Ralph M. Williams Enters.*, 169 Ind.App. 647, 350 N.E.2d 656, 657 (1976) ('[t]he question for the court upon the interlocutory application is not the final merits of the case. When the case comes on to be heard, the final merits may be very different.') Evidence not presented in seeking a preliminary injunction could be presented later in seeking a permanent injunction. If the trial court were to grant a preliminary or permanent injunction after our remand, this appeal would be rendered moot. If the trial court were to deny a preliminary or permanent injunction after our remand, an appeal would lie to that denial based upon the record made. If we were to continue with this appeal, our ruling would not preclude the presentation of the evidence which Worldcom [sic] now seeks leave to present to the trial court in a postappeal application for a permanent injunction. Judicial economy suggests that

it would be more efficient for us to remand and allow the trial court to consider all the evidence, including the newly discovered evidence. Judicial economy also suggests that the trial court and parties might be well advised to proceed to the matter of a permanent injunction and not limit the inquiry to the merits of a preliminary injunction.

IT IS THEREFORE ORDERED:

1. Thompson's Motion to Dismiss is denied.

2. The case is remanded to the trial court in which it now pends for the purpose of allowing Worldcom [sic] to present the evidence referred to in its Motion For Leave To Present Newly Discovered Evidence to the trial court, which shall consider this evidence and such other evidence that the parties shall present in determining whether to grant a preliminary injunction to Worldcom [sic]. The trial court is specifically granted leave, subject to its discretion, to proceed to a determination of whether to grant a permanent injunction.

3. This appeal is terminated, costs taxed to Worldcom [sic].

So ORDERED this *21st* day of April, 1997."

On April 28, 1997, WorldCom filed a petition to hold Thompson in contempt for violating the stay pending appeal entered on January 31, 1997. WorldCom alleged that at approximately 3:05 p.m. on April 27, 1997, Thompson or someone acting in concert with him dug three holes, each three and one-half feet deep, opened the conduit pipe with a blow torch, and cut the fiber-optic cables. On April 29, 1997, we issued an order prohibiting Thompson from engaging in the acts as previously ordered on January 31, 1997, which order was to remain in effect until the trial court made a final determination on whether to grant a preliminary or permanent injunction. We specifically noted that the April 29, 1997, order should not be construed in any way as to affect the legal issue of whether the January 31, 1997, order remained in effect between April 21, 1997, and April 29, 1997.

*Introduction*

■ This court acquires general jurisdiction over an appeal on the date the record of proceedings is filed. Ind.Appellate Rule 3(A). Prior thereto, we may, whenever necessary, exercise "limited jurisdiction in aid of [our] appellate jurisdiction." *Id.* In fact, part of acting in aid of our appellate jurisdiction allows us to enter a stay pending appeal even before the trial court has ruled on a motion to correct errors challenging the trial court's denial of a request for a stay. *See, e.g., Unishops, Inc. v. May's Family Centers, Inc.,* 176 Ind.App. 406, 408, 375 N.E.2d 1135, 1136 (1978). Similarly, we may retain jurisdiction over an appeal when we remand with instructions for further proceedings in the trial court to ensure that our instructions are carried out. *Cooley v. State,* 640 N.E.2d 433, 434 (Ind.Ct.App.1994); *Skendzel v. Marshall,* 263 Ind. 337, 330 N.E.2d 747, 749 (1975). "There can be no question but that this court retains jurisdiction of the original cause for the purpose of effectuating its mandate." *American Transport Co. v. Public Service Comm'n,* 239 Ind. 453, 158 N.E.2d 653, 653 (1959). Although the parties do not dispute whether we had jurisdiction to enter the stay initially, Thompson suggests that we did not have the authority to maintain the stay once the case was remanded to the trial court.

■ Before going further, as matter of clarification, we note that our orders prohibiting Thompson and his agents from engaging in particular acts were not within the ordinary definition of a stay. According to Black's, a "stay" used as a noun is defined as "[a] stopping; the act arresting a judicial proceeding by the order of a court. Also that which holds, restrains, or supports." BLACK'S LAW DICTIONARY 1413 (6th ed. 1990). As a verb, a "stay" is defined as "[t]o stop, arrest, or forbear. To 'stay' an order or decree means to hold it in abeyance, or refrain from enforcing it." *Id.* Although we have referred throughout these proceedings to our actions as issuing a "stay pending appeal" or simply a "stay," we did not actually stop or forbear the trial court's order. Rather, we independently restrained, enjoined, and prohibited Thompson and his agents from interfering with the cables. *Cf.*

*Standard Mercantile Co. v. Strong*, 207 Ind. 55, 57, 191 N.E. 140, 141 (1934) (holding that a stay entered upon the posting of a bond could not have the effect of creating a temporary injunction when no temporary injunction had been issued by the trial court). For ease of understanding, however, we will continue to refer to our prohibition against Thompson and his agents as a stay or a stay pending appeal.

■ As a reviewing court, we may "[g]rant any ... appropriate relief" with respect to all or some of the parties or upon all or some of the issues. App.R. 15(N). Pursuant to Ind.Trial Rule 62(C), "[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving or denying an injunction, ... the court to which the application is made in its sound discretion may suspend, modify, restore, or grant the injunction." *See also* App.R. 6(B). Further, T.R. 62(D) sets out the procedure for obtaining a stay upon appeal and indicates those instances where an appeal bond is required. Trial Rule 62(D)(3) addresses the effect of an appeal bond, concluding that nothing in the subsection should be construed as giving "the right to stay, by giving such bond, any judgment or order which cannot now be stayed ...." However, this subsection concludes that "[t]he provisions in this rule do not limit any power of an appellate court ... to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal *or to make any order appropriate to preserve the status quo....*" (emphasis added). *See also State ex rel. Civil City of South Bend v. Court of Appeals of Indiana*, 273 Ind. 551, 406 N.E.2d 244, 246–247 (1980) (upholding our stay of proceedings of the trial court's order addressed to the State Board of Tax Commissioners to issue an immediate approval of an ordinance). The authority to "make any order appropriate to preserve the status quo" would indicate that we have the authority to continue a stay previously entered while the case was remanded to the trial court for further proceedings. Here, our authority to order appropriate relief to preserve the status quo would be limited to enforcing; if necessary, the stay and would not interfere with the

trial court's jurisdiction to determine whether to issue a preliminary injunction. As a result, we believe the paramount question at issue is not whether we had jurisdiction to retain a stay properly entered, but whether we did in fact retain the stay such that Thompson may be held in contempt.

### Discussion

The parties and the members of this panel recognize the unique procedural posture of this case. During our consideration on interlocutory appeal as to whether the trial court properly denied WorldCom's petition for preliminary injunction, WorldCom filed a motion for leave to file newly discovered evidence in the trial court in support of the preliminary injunction sought. In our order of April 21, 1997, we recognized that WorldCom's motion did not constitute a T.R. 60(B) motion, which by its own terms applies only to an entry of default, final order, or final judgment, but noted that the case did "involve a situation where there is a substantial likelihood that return of the case to the trial court for further consideration would result in the trial court granting a preliminary" injunction. Essentially, we found that reconsideration by the trial court on the basis of the additional evidence may have mooted the appeal and made further appellate action unnecessary (if the preliminary injunction had been granted) or provided a potentially new basis for appeal (if the trial court had denied the preliminary injunction after considering this additional evidence).

■ Thompson has consistently argued that we first would, and then did, err in remanding to the trial court because *Logal* would not support the remand as it had been based on the desire of the appellant to file for relief in the trial court under T.R. 60. We read *Logal* more broadly to stand for the proposition that there may occur during the pendency of a appeal circumstances in which resort to the trial court could provide essentially the same relief as that sought on appeal. In such circumstances, judicial economy and efficiency dictate that the trial court should be allowed to act. In *Logal*, the trial court granting relief from the judgment un-

der T.R. 60 would make continued appeal of the judgment unnecessary. In this case, the trial court granting a preliminary or permanent injunction would make appeal of its earlier refusal to grant a preliminary injunction unnecessary.[3]

■ In deciding that our April 21, 1997, order did not dissolve the stay, we consider the following factors. The January 31, 1997, stay was plainly stated to "remain in effect until further order of this court." Although not express, the implication of this phrase is that the "further order" would be specifically about the stay or would necessarily, by its general effect, dissolve the stay. For instance, had we affirmed the trial court's denial of the preliminary injunction, our stay necessarily would have dissolved without our expressly lifting it. Our order on April 21, 1997, terminating the appeal did not specifically refer to the stay. Therefore, the question that arises is whether that order necessarily, by its effect, lifted the stay.

The purpose of the stay was to preserve the status quo pending the appellate determination of whether the preliminary injunction should have been granted.[4] Faced with a subsequent motion for leave to file newly discovered evidence, we remanded the case to the trial court to allow further proceedings in the trial court which could make the relief sought on appeal (i.e., reversal of the denial of the preliminary injunction) available from the trial court and which would make further appellate proceedings unnecessary. It was not a necessary effect of that order to lift the stay. In fact, the result of such an interpretation contradicts the purpose of having granted the stay in the first instance, which was to preserve the status quo until the appellate process was completed.

Further, we are not persuaded by Thompson's argument that we necessarily dissolved the stay when we "terminated" the appeal. Generally, terminating the appeal would be much the same as dismissing it because in both cases, the appeal would no longer be before this court. "[T]he effect of the dismissal is to leave the parties where they were before the appeal was brought." *Safeway Ins. Co. v. American Arbitration Assoc.*, 247 Ill.App.3d 355, 187 Ill.Dec. 104, 107, 617 N.E.2d 312, 315 (1993). The result of such a dismissal would be that any action by this court would be meaningless and should be held for naught. Under this line of reasoning, Thompson argues that if this court issues an injunction in an appeal which is terminated thereafter, not only would the injunction also terminate, but this court would be without authority to impose a new injunction or to keep the previous injunction in full force and effect. *See T.R. 62(D)(1); see also Riggs Marine Service, Inc. v. McCann*, 160 Wis.2d 846, 467 N.W.2d 155 (App.1991) (holding that a stay pending appeal ceased to be in effect once the appeal was dismissed, thus no longer pending).

■ However, our remand order must be considered as a whole and interpreted in the context of the proceedings. In 1917, our supreme court pointed out that while an appellate court's mandate is a guide for the trial court, construction of that guide "must be found in the accompanying opinion and in the reasoning of the court, therein stated, leading to such opinion." *Union Trust Co. v. Curtis*, 186 Ind. 516, 524, 116 N.E. 916 (1917). Clearly, our remand mandate does not stand alone. The opinion which accompanies it, as well as the circumstances surrounding the appeal, should indicate our reasoning and the meaning of our order.

Thompson's focus on the phrase "[t]his appeal is terminated" to the exclusion of the rest of the order and the proceedings is inconsistent with principles of construction. In the context of legislative interpretation, the reviewing court seeks to ascertain and give effect to the legislative intent expressed in the statute. *Robinson v. Monroe County*, 658 N.E.2d 647, 649 (Ind.Ct.App.1995), *reh'g*

3. Although Thompson resisted remand to the trial court and, on remand, argued to the trial court that our order of remand was erroneous as not based on T.R. 60, Thompson sought neither rehearing from us nor transfer from the supreme court on our decision.

4. The status quo presented to the trial court and our court was that the fiber-optic cables were in place in the disputed ground and were functioning as a part of the WorldCom transmission system.

*denied, trans. denied.* Where a statute has not previously been construed, the interpretation is controlled by the express language of the statute and the rules of statutory construction. *In re E.I.,* 653 N.E.2d 503, 507 (Ind.Ct.App.1995). This court is required to determine and effect the legislative intent and to construe the statute in such a way as to prevent absurdity and hardship and to favor public convenience. *Id.* In doing so, this court should consider the objects and purposes of the statute, as well as the effect and consequences of such an interpretation. *State v. Windy City Fireworks, Inc.,* 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted by,* 608 N.E.2d 699. The legislative intent as ascertained from the whole prevails over the strict, literal meaning of any word or term used therein. *Indiana Patient's Compensation Fund v. Anderson,* 661 N.E.2d 907, 909 (Ind.Ct.App.1996), *trans. denied.* Similarly, in reviewing a court order, a reviewing court must employ distinct steps in the interpretative process:

> "the first resort in all cases is the natural signification of the words employed, in the order of grammatical arrangement in which the framers of the writing have placed them. If, thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then that meaning apparent on the face of the writing is the one which alone we are at liberty to say was the one intended to be conveyed. In such a case there is no room for construction. That which the words declare is the meaning of the writing is the true one, and neither courts nor legislatures have a right to add to or take away from that meaning."

*Blythe v. Gibbons,* 141 Ind. 332, 35 N.E. 557, 561 (1893).

At first glance, the plain meaning of "terminate" embodies a "definite meaning" to support Thompson's assertion that the termination of the appeal dissolved the stay. However, the effect of Thompson's assertion would be to produce an absurdity. Considering the substantial efforts taken by World-Com to enjoin Thompson or those acting in concert with him from interfering, removing, or otherwise disabling the cable, it is not reasonable that this court intended to dissolve the stay upon terminating the appeal. The result of such action would allow Thompson to engage in the very acts sought to be enjoined by the preliminary injunction, reconsideration of which this court remanded to the trial court in light of the newly discovered evidence. In other words, this court could not have reasonably intended to lift the stay preventing Thompson from tampering with the cable while at the same time remanding the case to the trial court to reconsider whether a preliminary injunction to prevent such tampering was appropriate.

When we terminated the appeal, we simply concluded that WorldCom should be permitted to present new evidence before the trial court. Our termination of the appeal was merely a vehicle by which we could reinvest jurisdiction of the case in the trial court given that jurisdiction may not lie simultaneously in both the trial court and the appellate court. Our earlier order indicated that we felt the injunction was necessary to maintain the status quo until such time that the merits of WorldCom's appeal were heard. Nothing in the remand order indicates that we shifted our position on that issue. To find otherwise would be to permit, if not condone, destructive conduct which the stay was designed to prevent, until such time as the dispute between the parties could be fully resolved. *See Indianapolis v. Producers Realty, Inc.,* 240 Ind. 507, 166 N.E.2d 648 (1960).

Our supreme court has previously noted that a prohibitory injunction may not generally be suspended pending an appeal. *City of Indianapolis v. Producers Realty, Inc.,* 240 Ind. 507, 166 N.E.2d 648, 650 (1960). The court reasoned that "so far as possible pending the final determination of the litigation, the parties should be kept in status quo and neither party permitted to do an act which will irreparably damage or injure the other party, with the result that the appeal will prove inadequate and futile." *Id.* The court also noted that "[t]he injunction is prohibitory in character. To stay the operation of the injunction pending an appeal on the merits would give the city the opportunity to

proceed ... and thus create a fait accompli by the time the appeal could be determined—thus presenting issues which might be moot." *Id.*

We believe these concerns warrant the conclusion that the stay remained in effect after our remand/terminate order of April 21, 1997. The order did not expressly lift the stay, it did not by necessary effect lift the stay, and construing the order to have such effect would be contrary to our clear intent of preserving the status quo until the process was completed.

██ Although we conclude that the stay order remained in effect after our remand to the trial court, we recognize that because we did not explicitly order that it remained in effect, the status of the stay order was ambiguous. That ambiguity leads us to the conclusion that further contempt proceedings are not appropriate in this case. *See generally D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 460 (7th Cir.1993) (stating that to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order). Therefore, we deny WorldCom's petition to hold Thompson in contempt.

SULLIVAN, J., concurs.

BARTEAU, J., dissents with opinion.

BARTEAU, Judge, dissenting.

The situation before us presents three questions: (1) Did we properly remand this case under *Logal?;* (2) Do we retain jurisdiction to continue a stay once we terminate a case under *Logal?;* (3) Did the language of our orders continue the stay after the appeal was terminated? Because I believe all of these questions must be answered in the negative, I respectfully dissent.

### THE PROPRIETY OF THE REMAND

In *Logal v. Cruse,* the Indiana Supreme Court set out the procedure to be followed when a party who has initiated an appeal wishes to present newly discovered evidence to the trial court under Indiana Trial Rule 60(B). 267 Ind. 83, 368 N.E.2d 235 (1977), *cert. denied,* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). The supreme court concluded that the taking of an appeal should not preclude a party from pursuing remedies under Rule 60(B), and thus adopted the following procedure:

(1) The moving party files with the *appellate court* an application for leave to file his 60(B) motion. This application should be *verified* and should set forth the grounds relied upon *in a specific and non-conclusory manner.*

(2) The appellate court will make a preliminary determination of the merits of the movant's 60(B) grounds. In so doing the appellate court will determine whether, accepting appellant's specific, non-conclusory factual allegations as true there is a substantial likelihood that the trial court would grant the relief sought. Inasmuch as an appellate court is not an appropriate tribunal for the resolution of factual issues, the opposing party will not be allowed to dispute the movant's factual allegations in the appellate court.

(3) If the appellate court determines that the motion has sufficient merit, as described in the preceding paragraph, it will remand the entire case to the trial court for plenary consideration of the 60(B) grounds. Such remand order will terminate the appeal and the costs in the appellate court will be ordered taxed against the party procuring the remand. The decision to remand does not require the trial court to grant the motion. If the trial court denies the motion, the movant should file a motion to correct errors addressed to this denial, and appeal the denial. In this new appeal any of the issues raised in the original appeal may be incorporated, without being included in the second motion to correct errors.

(4) If the trial court grants the motion, the opposing party may appeal that ruling under the same terms as described in paragraph (3). The original appeal shall be deemed moot.

(5) If the appellate court denies the application for remand, that ruling may be as-

signed for grounds for rehearing and, where appropriate, transfer.

*Id.* 368 N.E.2d at 237 (citations omitted). In setting out this procedure, the supreme court noted that motions under Rule 60(B) are subject to time limitations, and concluded that the procedure adopted would "allow full and fair consideration of grounds for relief from judgment with a minimum of disruption of the appellate process." *Id.*

Because *Logal* was developed in the context of 60(B) motions and their accompanying time limitations, the process set out in *Logal* would not apply to applications to present additional evidence after the denial of a preliminary injunction. *Logal* was clearly directed towards preserving a party's right to appeal without forfeiting the right make a 60(B) motion. The adoption of a procedure to preserve both remedies was necessary because if the time for presenting the 60(B) motion expired while the appeal was pending, the party would lose his chance to successfully present the motion. That situation is not presented in the case before us.

A preliminary injunction is an interlocutory order, and as such, it would not be subject to a motion to present new evidence under Trial Rule 60(B). It would be unnecessary to make a Rule 60(B) motion after the denial of a preliminary injunction because, as we noted in our order, any new evidence could have been presented at a hearing on a permanent injunction; the denial of the preliminary injunction was not res judicata. The very nature of interlocutory orders is that the case is not fully developed and new evidence will most likely be discovered by the time the case proceeds to a final hearing on the merits. Thus, I think our original remand was improper, because the only issue before us was whether the trial court improperly denied the preliminary injunction based upon the evidence before it. If Worldcom chose to take an interlocutory appeal, such appeal should have been limited to the evidence produced at the preliminary injunction proceeding; if Worldcom chose instead to present more evidence it should have dismissed its appeal and proceeded with the injunction proceedings in the trial court. The *Logal* procedure was developed only to

"allow full and fair consideration of grounds for relief from judgment with a minimum of disruption of the appellate process." *Id.* Worldcom had an opportunity to present its evidence without any disruption of the appellate process because its injunction had not yet been fully adjudicated on the merits.

By applying *Logal* to the case before us we have allowed Worldcom the benefits of a successful appeal without us ever having reached the merits of whether the trial court improperly denied the preliminary injunction. In effect, we overturned the denial of the preliminary injunction by imposing our own injunction until further evidence was presented—evidence that could properly have been presented within the normal progress of proceedings for an injunction. This was an improper interference with the trial court's function.

### JURISDICTION AFTER TERMINATION OF APPEAL

Although I believe we improperly remanded this case under *Logal,* I must nonetheless address the effects of our order terminating the appeal and remanding the case to the trial court. I disagree with the assertion that Trial Rule 62(D) grants an appellate court authority to continue a stay while a case is remanded to the trial court. The plain language of the rule provides for "Stay Upon Appeal" and states that "[t]he provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings *during the pendency of an appeal* or to suspend, modify, restore or grant an injunction *during the pendency of an appeal* or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." This language clearly indicates that the powers stated exist only while the appeal is pending.

I further disagree with the proposition that we retained any jurisdiction in this case once we terminated the appeal and remanded the case under *Logal.* Under *Logal,* this Court would remand the *entire* case to the trial court if the 60(B) motion had sufficient merit, and such remand order would *terminate* the appeal; *Logal* does not provide for

the *suspension* of the appeal. *See Logal,* 368 N.E.2d at 237. This language used by the Indiana Supreme Court in setting forth the procedure, that the entire case is remanded and the appeal is terminated, negates any inference that the appellate court would retain any jurisdiction over the case once it was remanded.

The purpose of the remand is to reinvest jurisdiction in the trial court so as to initiate the Trial Rule 60(B) proceedings. The trial court is not required to grant the Rule 60(B) motion, and any action the trial court takes with respect to the motion is then subject to appeal; thus we would not need to retain jurisdiction to effectuate any mandate as is suggested in the proposed orders. If the trial court denies the motion, a *new appeal* is addressed to that denial; however, in that new appeal the party may incorporate any issues raised in the original appeal without including them in the motion to correct errors. *Id.* If the trial court grants the Rule 60(B) motion, the opposing party may then appeal that grant and the original appeal is deemed moot. *Id.* It is clear from this procedure that the appeal is not suspended, but rather terminated, and we would retain no jurisdiction over the case once the appeal was terminated.

This situation differs from those cases in which we have addressed the merits of an appeal and retain the power to effectuate a mandate,[5] because we do not reach the merits of the case but rather terminate the appeal so the trial court can rule on the motion to hear more evidence. It was Worldcom's choice to terminate the appeal and instead present additional evidence to the trial court. Worldcom cannot seek to have us retain jurisdiction for the purpose of the stay and at the same time divest ourselves of jurisdiction to allow it to present its additional evidence.

## THE LANGUAGE OF OUR ORDERS

Finally, I believe that even if we did retain jurisdiction to enforce an order after termi-

nating the appeal, we did not continue the stay in this case. Worldcom initially filed a petition entitled "Appellant's Verified Emergency Petition for Stay Pending Appeal," requesting an "Immediate Temporary Stay" until we were able to consider its request for a "Permanent Stay Pending Appeal." We granted the "Immediate Temporary Stay" until we heard argument on the permanent stay pending appeal. After hearing argument, we then issued an order entitled "Stay Pending Appeal," which stated that "a stay should be granted pending appeal of the trial court denial of appellant Worldcom's request for a preliminary injunction," and therefore ordered that the temporary stay "shall remain in effect until further order of this court."

Worldcom then requested leave to present new evidence to the trial court in support of its injunction, and asked that we suspend consideration of the appeal with the stay in effect and remand to the trial court. We granted the request and remanded to the trial court, but did not mention the stay. We then terminated the appeal. In light of our repeated language that the stay was granted *pending appeal,* the stay was no longer in effect once the appeal was no longer pending. The omission of the stay from our order remanding the case further supports the interpretation that our grant of the stay was in effect only while the appeal was pending. Thus, the plain language of our orders ended the stay once the appeal was no longer pending, regardless of our intent. If Worldcom wanted us to continue the stay it should have filed for rehearing requesting that we modify our mandate to include the stay, as we later did.

---

5. The scope of the jurisdiction we retain is to ensure that the *trial court* acts consistently with our order. *Skendzel v. Marshall,* 263 Ind. 337, 330 N.E.2d 747 (1975). Thus, when the trial court refuses to comply with our order, the aggrieved party should seek a writ of mandate from the appellate court to enforce the order. *Id.* 330 N.E.2d at 749. The appellate court would then compare the action taken by the trial court to the action ordered to determine if a mandate is warranted.