UNISHOPS, INC., A FOREIGN CORPORATION, UNISHOPS M & B OF INDIANA, INC., AN INDIANA CORPORATION, TRADEWAY OF HIGHLAND, INC., AN INDIANA CORPORATION, CENTRAL TEXTILE OF INDIANA, INC., AN INDIANA CORPORATION, CENTRAL TEXTILE, INC., A NEW JERSEY CORPORATION, HERBERT I. WEXLER, JOHN KUEHN, BERNARD MAJOR AND WALTER CRAIG, INDIVIDUALLY v. MAY'S FAMILY CENTERS, INC., AN INDIANA CORPORATION

[No. 3-478A89. Filed May 17, 1978.]

*Cohen and Thiros*, of Merrillville, *Bingham, Summers, Welsh & Spilman*, of Indianapolis, *Lucas, Clifford, Kane & Holcomb*, of Merrillville, for appellants.

*Bernard Wiczer*, of Chicago, *Arnold Krevitz*, of Merrillville, for appellee.

GARRARD, P.J. — May's Family Centers, Inc. (May's) brought this action against Unishops, Inc., et al. (Unishops) seeking an injunction. After trial the injunction was granted and Unishops filed its motion to correct errors. Proceedings to attempt to effect a settlement followed but failed, and after being denied a stay by the trial court Unishops petitioned this court to set bond and enter a stay of the injunction for the pendency of its appeal. We ordered a stay upon the posting of bond in the penal sum of sixty thousand dollars ($60,000).

May's has now petitioned this court to dissolve the stay and to dismiss the petition for stay and the appeal. In support May's urges that (a) the trial court has not ruled upon the motion to correct errors so this court has no jurisdiction to grant a stay; and (b) a copy of the motion to correct errors was not personally served on the trial judge and a certificate of such service filed with the court as required by Indiana Rules of Procedure, Trial Rule 53.1(A) with the result that we lack jurisdiction to hear the appeal.

### I. Stays Pursuant to AP. 6.

May's first contention is that the trial court's decision is not ripe for appeal until the motion to correct errors has been ruled upon. TR. 59(G); AP. 4. From this it argues that since we have not acquired jurisdiction to decide the appeal, we have no jurisdiction to grant the stay.[1]

The power of this court to grant such stays is provided by AP. 6(B). *See also* TR. 62(D). In pertinent part AP. 6 (B) provides:

> "The trial court or judge thereof shall have jurisdiction to fix and approve the bond and order a stay pending an appeal *as well as prior to* the appeal. If the stay is denied by the trial court or judge thereof, the appellate tribunal may reconsider *the application at any time after denial* upon a proper showing by certified copies of the trial court's action and grant or deny the same and fix the bond."

The purpose of the rule is to afford litigants the opportunity to stay enforcement of a judgment pending appeal upon the giving of an

---

1. While we may dismiss an appeal as premature under such circumstances, AP. 4(E) does not mandate such action.

appropriate bond. Because it is *in aid* of our appellate jurisdiction, this court is empowered in cases appealable to it to grant such a stay, either before or after the ruling on the motion to correct errors when a stay has been denied by the trial court. As the court pointed out in *In re Pisello* (1973), 155 Ind. App. 484, 293 N.E.2d 228, to hold otherwise would defeat the purpose of the rules to provide emergency relief. This court had jurisdiction to grant the stay.

## II. Service of Motion to Correct Errors.

May's other assertion concerns the requirement under TR. 53.1(A) that a copy of the motion to correct errors be served on the judge. This was not done. May's argues that the motion to correct errors which was filed on February 3, 1978 (within sixty days after the entry of judgment) was therefore a nullity. It further argues that since a motion to correct errors cannot be supplemented or amended after the sixty day period has expired, it is now too late for Unishops to properly file its TR. 59 motion and proceed to appeal. *See VerHulst v. Hoffman* (1972), 153 Ind. App. 64, 286 N.E.2d 214 on amending or supplementing a TR. 59 motion.

TR. 59(G) specifies that in all cases where a motion to correct errors is the appropriate procedure its filing shall be a prerequisite to appeal. TR. 59(C) requires that the motion "shall be filed" not later than sixty (60) days after the entry of judgment. Other than the reference to "filing," Trial Rule 59 makes no mention of where copies of the motion shall be served. While TR. 5 requires that copies be served on each party,[2] subparagraph (E) of that rule defines "filing" with the court:

"The filing of pleadings and other papers with the court as required by these rules shall be made by one [1] of the following methods:

(1) delivering the pleadings or papers to the clerk of the court;

(2) mailing the papers to the clerk by registered or certified mail return receipt requested; or

(3) if the court so permits, filing the papers with the judge, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

2. A motion to correct errors is a "paper" within the meaning of TR. 5. *Seastrom, Inc. v. Amick Const. Co.* (1974), 159 Ind. App. 266, 306 N.E.2d 125.

Filing by registered or certified mail shall be complete upon mailing."

Thus, in the instant case the motion was "filed" as required by TR. 59 when it was delivered to the clerk. *Cf. Indianapolis Machinery Co., Inc. v. Bollman* (1976), 167 Ind. App. 596, 339 N.E.2d 612; *State ex rel. Lake Co. Dept. of Public Welfare v. Lake Sup. Ct.* (1959), 239 Ind. 652, 159 N.E.2d 849.

What then is the effect of TR. 53.1(A)? It provides:

"(A)   Effect of court's delay in ruling upon motion. The court shall hear motions without delay when hearing is required or granted, and shall rule upon a motion promptly after hearing thereof, or after filed when no hearing is required or granted. Upon the filing of a Motion to Correct Errors a copy thereof shall be served upon the judge before whom the casue is pending and proof of such service shall be filed with the court. Upon failure of a court to enter a ruling upon a motion within thirty [30] days after it was heard or thirty [30] days after it was filed (except that a ruling upon a Motion to Correct Errors shall be made within thirty [30] days of the date of the service upon the judge), if no hearing was required, the submission of such motion may be withdrawn, and the judge before whom the cause is pending may be disqualified therein; in which event, the case shall be transferred to a judge to be appointed by the Supreme Court, except that this provision shall not apply where:

(1)   the judge rules upon such motion and a record of such ruling is duly made prior to any action having been taken under the provisions of subdivision (B) of this Rule 53.1; or

(2)   the court, within thirty [30] days after the motion is filed, orders that it be disposed of at the trial upon the merits; or

(3)   the parties who have appeared, or their counsel, by stipulation or agreement entered of record, agree otherwise; or

(4)   the time for ruling thereon is, upon application of the judge as provided by Trial Rule 53.1(C), extended by the Supreme Court."

The purpose of the rule is plainly to require courts to act promptly on motions submitted to them and to provide a means of relief if they fail to do so.

Such provisions are not new in Indiana law, although prior decisions stressed the necessity that the trial judge have actual knowledge of the pendency of the motion before his removal would be proper. *See*

*Lewis v. Burke* (1972), 257 Ind. 597, 277 N.E.2d 161; *Conover v. Cooper* (1924), 83 Ind. App. 675, 145 N.E. 779. We think this explains the provision of the 1973 amendment to the rule which added the requirement of serving a copy on the judge.

We therefore hold that while compliance with the service requirement is necessary to invoke a disqualification of the judge pursuant to TR. 53.1(A), it is not necessary to perfect filing of the motion to correct errors. This result also appears to harmonize with the view taken in *State ex rel. Lake County Dept. of Public Welfare v. Lake Sup. Ct., supra,* which treated service requirements concerning a motion for new trial as directory rather than jurisdictional.

Accordingly, the motion to dissolve the stay and dismiss the petition and appeal are denied.

Staton and Hoffman, JJ. concur.

NOTE — Reported at 375 N.E.2d 1135.