**STATE of Indiana ex rel., Garnet D. EVERROAD and Gregory K. Everroad, Relators,**

v.

**John A. WESTHAFER, Special Judge and the Bartholomew Superior Court, Respondents.**

No. 882S306.

Supreme Court of Indiana.

Feb. 18, 1983.

Nile Stanton, Indianapolis, for relators.

Joseph R. Koenig, Bartholomew County Prosecutor, Columbus, for respondents.

PIVARNIK, Justice.

Relators, Garnet D. Everroad and Gregory K. Everroad, have petitioned this Court to issue a writ of mandate against the Bartholomew Superior Court and John A. Westhafer, as Special Judge of that court. Essentially, relators challenge Judge Westhafer's right to rule upon their motion to correct errors pursuant to Ind.R.Tr.P. 53.1.[1] After a hearing on the matter, this Court voted to deny relators' request for a writ of mandate. *State ex rel. Everroad v. Westhafer,* No. 882 S 306 (Ind., August 2, 1982). This opinion is in furtherance of that decision.

On April 21, 1982, relators filed their Praecipe for Change of Judge, pursuant to Rule 53.1. The praecipe reads as follows:

"TO THE CLERK:

PRAECIPE FOR CHANGE OF JUDGE

Petitioners Garnet D. Everroad and Gregory K. Everroad, by counsel, and pursuant to Rule 53.1, Indiana Rules of Trial Procedure, do hereby praecipe for a change of judge and the withdrawal and disqualification of Special Judge John A. Westhafer. In support of said praecipe, the petitioners state as follows:

1. Petitioners filed their 'Motion to Correct Errors' by certified mail on March 16, 1982.

2. Rule 5(E), Indiana Rules of Trial Procedure, authorizes filings to be made by mailing the document to be filed by certified mail with said filing being deemed complete upon mailing.

3. Special Judge John A. Westhafer, who presided at petitioners' trial, has not

---

1. The time limitation for ruling on a motion to correct errors is now found in Ind.R.Tr.P. 53.3, effective January 1, 1983.

to date ruled upon the aforementioned 'Motion to Correct Errors'.

4. Special Judge Westhafer's failure to rule upon the petitioners' 'Motion to Correct Errors' within thirty (30) days after the motion had been filed has resulted in unconscionable delay to the petitioners' case.

WHEREFORE, petitioners Garnet D. Everroad and Gregory K. Everroad, pursuant to Rule 53.1, Indiana Rules of Trial Procedure, do hereby praecipe for a change of judge and the withdrawal and disqualification of Special Judge John A. Westhafer."

On the same day that the praecipe for change of judge was filed, a hearing was held on the relators' request to proceed as paupers on appeal. This date for the hearing was set by Special Judge Westhafer fifteen days earlier on April 6, 1982. At the same time that the hearing was held on the motion to proceed on appeal *in forma pauperis,* the Special Judge announced, in open court, that he had received a copy of the motion to correct errors but did not know on what date he had received it initially and that he denied the motion to correct errors after receiving a copy of the praecipe. The Special Judge also indicated that he had instructed the Clerk of the Bartholomew Superior Court, Betty Essex, not to forward the materials to the Indiana Supreme Court as described under Ind.R.Tr.P. 53.1(B). The record reveals that the Special Judge advised Essex not to follow the dictates of Rule 53.1(B), but after discussing the proper procedure with the State Court Administrator for the Indiana Supreme Court, the Special Judge decided his action was improper and notified Essex that she was free to act on the praecipe as she saw fit. Essex filed an affidavit with this Court in which she stated that she did receive the praecipe for a change of judge on April 21, 1982, and that Special Judge Westhafer indicated that she was not to certify anything to the Indiana Supreme Court; however, on April 23, Special Judge Westhafter withdrew that order and informed her that she was no longer under any direction to certify or not certify anything. Essex stated that the praecipe and materials submitted to her did not advise her of the date on which Special Judge Westhafer was served with the motion to correct errors and she was therefore unable to compute the thirty (30) day period with which a judge must comply in ruling on a motion to correct errors. Because of this inability to compute the time, Essex was unable to certify the matter to this Court for appointment of a special judge. Essex also stated that at no time was she offered proof either through a certified mail receipt, or otherwise, of the date that the motion to correct errors was served upon the special judge in this cause.

Rule 53.1 provides that a ruling upon a motion to correct errors shall be made within thirty (30) days of service upon the judge and that if he fails to make a ruling within the time limit, he may be disqualified. In such an event, the case shall be transferred to a judge to be appointed by the Indiana Supreme Court. Ind.R.Tr.P. 53.1(A). 53.-1(B) further provides that when a praecipe is filed with the clerk of the court, the clerk shall

"determine if such ruling or decision has been so delayed, and if so, shall forthwith give written notice to the judge and to the Supreme Court that the submission has been withdrawn under the provisions of this rule 53.1(B), and such withdrawal and the disqualification of the judge shall be effective as of the time of the filing of the praecipe. At the time of filing any such praecipe, the Clerk shall enter the date and time of such filing in the praecipe book and shall also endorse the same upon the notices."

The purpose of Rule 53.1 is to require trial courts to act promptly upon filed motions and to afford litigants relief when the trial courts fail to do so. *Unishops, Inc. v. May's Family Centers, Inc.,* (1978) Ind.App., 375 N.E.2d 1135.

■ We note, of course, that it was improper for Judge Westhafer to instruct the clerk not to comply with the mandates of Rule 53.1. Judge Westhafer, however, recognized his error and withdrew the order,

indicating to Essex that she was free to follow the trial court rules. The record shows, however, that regardless of Judge Westhafer's improper order, the clerk attempted to determine if such ruling or decision had been improperly delayed and was not given sufficient information to make such a determination. In her affidavit, Essex stated she was not given any proof from the relators on which date the motion to correct errors was served on Judge Westhafer. Essex properly withheld determining that the special judge had, in fact, delayed his decision and correctly denied withdrawing the submission of the cause before Judge Westhafer and certifying the matter to the Supreme Court for appointment of a special judge.

█ In addition to the above, there was a second and equally important reason for denial of relators' writ of mandamus. On March 1, 1982, relators filed a motion to proceed on appeal *in forma pauperis*. The trial court set a hearing on the motion for April 6. After this date was set the relators filed their motion to correct errors in the Bartholomew Superior Court on March 18. On the date of the proposed hearing on the *in forma pauperis* motion, April 6, relators moved for a continuance on that motion. The trial judge granted the continuance and reset the hearing for April 21, 1982. This placed the time for determining the alleged pauper status of the relators two or three days after the thirty days would have run for ruling on the motion to correct errors. The respondent court contends that the continuance on the one motion extended the time period for the ruling on the motion to correct errors. We agree with the trial judge that it was reasonable for him to decide whether the relators needed pauper counsel before making a ruling on the motion to correct errors. Because the trial judge was faced with this determination and because the praecipe to the clerk failed to set out in proper form the requisite date of service upon Special Judge Westhafer, relators' petition for writ of mandamus is denied.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.