**James E. ROSE; Lake Holiday Enterprises, Inc.; and Lake Holiday Enterprises, an Indiana Partnership, Appellants–Defendants,**

v.

**Frank DENMAN & Beverly Denman, Lewis Pleasant & Darice Pleasant, John Hofferth & Janice Hofferth, Arthur Hovick & Eileen Hovick, and Lee Roy Wells & Dorothy Wells, Appellees–Plaintiffs.**

No. 75A03–9510–CV–327.

Court of Appeals of Indiana.

Feb. 24, 1997.

Thomas M. Greenberg, Thomas M. Greenberg Prof. Corp., Merrillville, for Appellants–Defendants.

Robert Randle, Law Offices of Robert Randle, Rensselaer, for Appellees–Plaintiffs.

## OPINION

HOFFMAN, Judge.

Appellants-defendants James E. Rose, Lake Holiday Enterprises, Inc., and Lake Holiday Enterprises, an Indiana partnership, appeal the trial court's order granting in part and denying in part appellees-plaintiffs Frank Denman, Beverly Denman, Lewis Pleasant, Darice Pleasant, John Hofferth, Janice Hofferth, Arthur Hovick, Eileen Hovick, Lee Roy Wells and Dorothy Wells' motion for class certification.

On January 27, 1992, the plaintiffs filed their 17–count amended complaint against the defendants, who owned and operated Lake Holiday Recreational Vehicle Park ("R.V.Park"). The plaintiffs are past and current lot owners in the R.V. Park. The complaint was again amended, and the plaintiffs filed a motion to certify the case as a class action, pursuant to Ind. Trial Rule 23. The claims raised in the amended complaint can be divided into three groups——Counts I–VII, Counts VIII–XI, and Counts XII–XVII.

Counts I–VII are proposed actions by plaintiffs Denman, Hofferth and Hovick on behalf of themselves and all other current and prior owners of lots in the R.V. Park (collectively referred to as the Denmans) which were sold to them by the defendants. These counts allege that on June 24, 1981, the defendants recorded a declaration of restrictions in the Jasper County Office of the Recorder, which was amended on July 30, 1986 and again on November 14, 1990. The lots purchased by the Denmans in the R.V. Park were the subject of the restrictions. The defendants also entered into a franchise agreement on December 17, 1980, with Leisure Systems, Inc., which dictates certain operating standards with respect to the R.V. Park. Generally, the Denmans allege that the defendants have failed to comply with the terms of the restrictive covenants, as well as the franchise agreement, thereby causing the Denmans' property to depreciate in value.

Pursuant to the original restrictions, an annual maintenance assessment was levied against each lot owner. In the event that the assessment was deemed to be insufficient to cover the costs incurred by the defendants, the defendants had the authority to increase the annual maintenance assessment in an amount not to exceed the percentage increase in the consumer price index for the immediately preceding year. As amended in 1990, the annual maintenance assessment could be increased in an amount that the defendants reasonably determined to be necessary. The declaration of restrictions further did not authorize an assessment of late payment fees upon the lot owners.

The Denmans allege that the defendants charged annual maintenance fees in an amount exceeding those authorized by the declaration of restrictions, as well as charging unauthorized late payment fees. They also allege that a fiduciary relationship existed between themselves and the defendants and that the defendants wrongfully failed to account for the annual maintenance assessments. They further contend that the defendants placed electric meters on each lot and required the lot owners to pay for their own electricity in violation of the restrictions. Additionally, the Denmans contend that the amendments to the restrictions were unconscionable and that defendants' acts were done maliciously and constitute the crime of malicious mischief. Counts I–VII pray for an accounting, compensatory damages, recession of the amendments to the restrictive covenants, punitive damages, statutory treble damages, attorney's fees, and costs.

Counts VIII–XI are proposed actions by plaintiffs Hovicks on behalf of themselves and all other current and prior owners of lots in the R.V. Park (the Hovicks) which were sold to them by the defendants and who are also parties to lot rental agreements with the defendants. Pursuant to the lot rental agreements, the defendants were to rent the Hovicks' property and to pay the owners a

percentage fee of all rental proceeds. In Counts VIII–XI of their proposed complaint, the Hovicks allege that the defendants breached the rental agreements by failing to rent the lots on a rotating basis and failing to pay over to them the specified percentage of rentals. These counts pray for an accounting, compensatory damages, punitive damages, statutory treble damages, attorney's fees, and costs.

Counts XII–XVII are proposed actions by plaintiffs Wellses on behalf of themselves and all other current and prior owners of undivided interests in lots in the R.V. Park (the Wellses) which were sold to them by the defendants. Each owner of the undivided interest owns a 1/250 undivided interest in 25 lots in the R.V. Park, and their claims are substantially similar to the other plaintiffs.

On June 8, 1992, the plaintiffs filed an amended motion to certify this cause as a class action. The court heard evidence on the motion, and on January 27, 1995, the court entered an order granting in part and denying in part the plaintiffs' motion for class certification. In pertinent part, the order provides:

1. The classes represented by Plaintiffs in this action are as follows:

a) Named Plaintiffs Frank Denman and Beverly Denman, LLewis [sic] Pleasant and Darice Pleasant, and John Hofferth and Janice Hofferth on behalf of all other persons similarly situated who are all current or prior owners of lots purchased from Defendants of Lake Holiday Recreational Vehicle Park Subdivision, Place [sic] Section 1, Phase Section 2, and Phase Section 3, in Jasper County, Indiana.

b) Named Plaintiffs Arthur Hovick and Eileen Hovick on behalf of all other persons similarly situated who are all current and prior owners of lots purchased from Defendants in Lake Holiday Recreational Vehicle Park Subdivision, Phase Section 1, Phase Section 2, and Phase Section 3 and who are signatories to rental agreements between Defendant and the named Plaintiffs and those similarly situated.

c) Named Plaintiffs Lee Roy Wells and Dorothy Wells on behalf of all other persons similarly situated who are all current and prior owners of individual [sic] interests purchased from the Defendants in Lake Holiday Recreational Vehicle Park Subdivision, Phase Section 1, Phase Section 2, and Phase Section 3, in Jasper County Indiana.

d) Excluded from the class claims shall be all claims against the Defendants for failing to enforce any rules, regulations, or procedures against any lot owners or owners of any individual [sic] interests.

The defendants now appeal.

The defendants raise four issues for review:

(1) whether the trial court erroneously defined the class of plaintiffs overly broad by failing to differentiate between separate and distinct claims raised and classes proposed in the 17–count amended complaint;

(2) whether the class definitions were extensively ambiguous when the trial court failed to set a closing date on class membership;

(3) whether the trial court erred in failing to differentiate between persons who purchased lots before or after the amendments to the restrictive covenants were recorded; and

(4) whether the trial court erroneously certified counts VIII–XI as a class action in violation of the numerosity and typicality requirements of T.R. 23(A).

Initially it is noted that after the trial court's order granting in part and denying in part the plaintiffs' motion for class certification on January 27, 1995, the defendants timely filed a motion to correct error. After a continuance, the hearing on the motion to correct error was held on May, 10, 1995, and the trial court took the motion under advisement. The court did not rule on the motion until July 24, 1995. The defendants, however, filed their praecipe on July 5, 1995.

If a judge does not rule on a motion to correct error within the prescribed limit of Ind. Trial Rule 53.3, the motion is deemed denied by operation of law. *Jackson v. Par-*

*is,* 598 N.E.2d 1106, 1107 (Ind.Ct.App.1992), *trans. denied.* The rule contains no requirement for action by a party but is self-activating upon the passage of the requisite number of days. *Id.* Here, the motion to correct error was deemed denied on June 9, 1995, when the trial court failed to rule on the motion. The trial court's power to rule on the motion thereafter was extinguished and its subsequent ruling is a nullity.[1] Hence, this Court may consider only the January 27, 1997 order.

■■■ A trial court's certification of a class will be reviewed only for an abuse of discretion. *Edward D. Jones & Co. v. Cole,* 643 N.E.2d 402, 405 (Ind.Ct.App.1994), *trans denied.* This Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* If after viewing the evidence most favorable to the judgment, as well as all reasonable inferences to be drawn therefrom, we find there is substantial evidence to support the trial court's ruling, we will affirm. *Id.* Although T.R. 23(C)(1) requires a hearing before class certification, the plaintiffs are not required to establish the likelihood that they will ultimately succeed on the merits. *Bowen v. Sonnenburg,* 411 N.E.2d 390, 401 (Ind.Ct.App.1980).

■■ Although not requested to do so, the trial court in the present case entered special findings of fact and conclusions of law on the plaintiffs' motion to certify this cause as a class action. *See ConAgra, Inc. v. Farrington,* 635 N.E.2d 1137, 1139 (Ind.Ct.App.1994). Thus, this Court employs a two-tiered standard of review as to those issues the trial court specifically decided. *American Cyanamid Co. v. Stephen,* 623 N.E.2d 1065, 1070 (Ind.Ct.App.1993). We will first determine whether the findings support the judgment. *Id.* Next, we will determine whether the conclusions of law and resulting judgment are clearly erroneous based on the facts as set forth by the trial court. *Id.* Any issue upon which the trial court has not made a finding will be controlled by a general judgment standard and may be affirmed on any theory supported by the evidence. *Showalter, Inc.*

*v. Smith,* 629 N.E.2d 272, 274–275 (Ind.Ct. App.1994), *trans. denied.*

To have an action certified as a class action, the plaintiffs must satisfy the two-prong requirements of Ind. Trial Rule 23(A) and (B). T.R. 23(A) provides:

**Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all the members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

These requirements have been referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation.

Subsection (B) then identifies three separate, although not mutually exclusive, types of class actions. Under this subsection, a class action is appropriate only if in addition to all the requirements of subsection (A) one or more of three additional conditions are found to exist. *See* T.R. 23(B)(1), (B)(2), and (B)(3). Briefly, an action maintained under T.R. 23(B)(1) is proper where the requirements of T.R.23(A) are met and separate actions would create a risk of either (a) inconsistent or varying adjudications or (b) adjudications of individuals would be dispositive of the interests of others. *Bowen,* 411 N.E.2d at 398. The second type of class action permitted by T.R. 23(B)(2) exists where the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief with respect to the class as a whole. *Id.* at 399. Finally, under T.R. 23(B)(3), the court may permit a class action where questions of law or fact common to the members of the class predominate and that a class action is superior to other available trial methods. Further, in any action

1. While exceptions to the time limitations for ruling on a motion to correct error exist, the record does not indicate that any of the exceptions apply.

maintained under subsection (B)(3), the "best notice practical under the circumstances" shall be directed to members of the class. T.R. 23(C)(2). Here, although the plaintiffs requested certification under subsection (B)(1) or (B)(2), it appears that the trial court certified the class under subsection (B)(3).

The defendants argue that the trial court's order is overbroad in that it fails to differentiate between separate and distinct claims raised and classes proposed in the amended complaint. The amended complaint raises claims on behalf of three distinct classes of plaintiffs. Likewise, the trial court's class certification order defines three separate and distinct classes of plaintiffs in paragraph 1 subparagraphs a), b), and c).

As conceded by the defendants, it is "readily apparent" that the subparagraphs correspond to the three separate sections in the amended complaint. Subparagraph a) corresponds to Counts I–VII——the Denmans and the other plaintiffs, current and former owners of the R.V. Park lots; subparagraph b) corresponds to Counts VIII–XI——the Hovicks and the other plaintiffs, current and former owners of R.V. Park lots who were parties to the lot rental contracts; and subparagraph c) corresponds to Counts XII–XVII——the Wellses and other plaintiffs, current and former owners of undivided interests in the R.V. Park lots. The trial court's order clearly differentiates between the claims raised in the 17–count amended complaint.

█ The defendants also contend that the class definition is excessively ambiguous because the definition of "current" is unclear and undefined. Specifically, they contend that the January 27, 1995 class certification order, which defines class membership to include "current" or prior lot owners, could be interpreted to close class membership as of the date of the order. However, defendants further assert that the trial court could have instead intended for "current" to correspond to the date of the plaintiffs' amended motion for class certification or some indeterminate date in the future. Defendants argue that the ambiguity created would allow the plaintiffs to argue for the most favorable class determination date in light of their success on the merits of the case. The plaintiffs counter that the trial court clarified its January 27, 1995 order on July 24, 1995, when the court granted the defendants' motion to correct error. The plaintiffs' reliance on the July 24, 1995 order is misplaced, as previously pointed out; the trial court's untimely order is a nullity.

"Current." owner is a term which denotes present ownership. Hence, it would be reasonable to conclude that the trial court intended that the upper bounds of class membership be determined as of the date of the class certification order, namely January 27, 1995. However, to remove any possible claim of ambiguity, the trial court is instructed on remand to set a specific closing date for class membership. *Cf.* T.R. 23(C)(1) (as soon as practical after the commencement of an action, the court "shall determine by order whether it is to be so maintained").

The defendants also argue that the trial court erred in failing to differentiate between persons who purchased lots in the R.V. Park before and after the November 14, 1990 amendments to the restrictive covenants were recorded. Although the defendants argue overbreadth of the class definition, their argument is based on a lack of the commonality and typicality requirements of T.R. 23 with respect to the post-amendment purchasers.

The R.V. Park's original declaration of restrictive covenants was recorded on June 24, 1981. Pursuant to the original declaration, the defendants' authority to increase the annual maintenance charge was limited to an amount not to exceed the consumer price index for the immediately preceding year. The original declaration of restrictive covenants was amended on November 14, 1990. The amendments allowed the defendants to increase the annual maintenance assessment in any amount deemed reasonably necessary by the R.V. Park to meet the purposes of the assessment, but not to exceed the actual cost of the purpose for which the increase is levied. It is undisputed that none of the named plaintiffs purchased their lots after the amendments to the restrictive covenant.

Ind. Trial Rule 23 requires that there be "questions of law or fact common to the class," T.R. 23(A)(2), and that "questions of law or fact common to members of the class predominate over any question affecting individual members, T.R. 23(B)(3)." These requirements are satisfied if the claims of the individual plaintiffs are derived from a common nucleus of operative facts. *Edward D. Jones & Co.*, 643 N.E.2d at 405. Typicality may be satisfied through the existence of the same legal theory of the plaintiffs' claims and defenses; typicality may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the class members. *See Louisville & Nashville R. Co. v. Wollenmann*, 180 Ind.App. 588, 589–590, 390 N.E.2d 669, 671 (1979) (business owners brought a class action on behalf of all persons evacuated from their businesses and homes after two railroad tanker cars collided). A named plaintiff need not always involve the same facts or law provided there is a common element of fact or law. *Id.*

In the present case, the plaintiffs in their amended complaint allege that pursuant to the original declaration of restrictive covenants and the amendments thereto the defendants have failed to enforce the terms or operate up to the standards imposed by the defendants' franchise agreement. *See* Count I. Likewise, in Counts III–VII and XIV–XVII, the defendants' claims further refer to both the original declaration and the amendments thereto: Counts III and XIV focus on the defendants' failure to account for any increase in the annual maintenance assessment and the expenditure of funds; Count IV challenges the installation of electrical meters; Counts V and XVII contend that both the original declaration of restrictive covenants and the amendments thereto are unconscionable; and Counts VI, VII, XV, and XVII request damages. Although pre-amendment and post-amendment purchasers' claims may not be identical, they do raise common questions of fact and law; hence, the trial court did not abuse its discretion in refusing to further divide the classes of plaintiffs.

Finally, the defendants contend that the trial court erroneously certified Counts VIII–XI as a class action in violation of the numerosity and typicality requirements of T.R. 23(A)(1) and (3). The defendants assert that the plaintiffs presented no evidence as to the size of the class of lot owners who were signatories to lot rental agreements pursuant to Counts VIII–XI. The defendants specifically point to Arthur Hovick's testimony that he was unaware of the number of people currently in the rental program. The defendants, however, have neglected the testimony of defendant James Rose. At the hearing on the plaintiffs' motion for class certification, Rose testified as follows:

Q  Do you know how many rental contracts you have outstanding today?

A Probably in the neighborhood of 125.

Q  Has that been a fairly consistent amount?

A Fairly consistent.

Rose's testimony established that the number of rental contracts at any give time was approximately 125 members. This is sufficient evidence from which the trial court could have based its findings that the plaintiffs had satisfied the numerosity requirement of T.R. 23(A)(1) with respect to the class of plaintiffs making claims pursuant to the lot rental agreements as identified in Counts VIII–XI of the plaintiffs' amended complaint.

The defendants also assert that the typicality requirement of T.R. 23(A) was not met, in that the named plaintiffs, the Hovicks, have not participated in the lot rental program since 1989. Additionally the defendants point to a single incident described by Arthur Hovick regarding a camper being wrongfully placed on his lot which would not typify the claims of the other class members.

T.R. 23(A)(3) does not require that claims of the class representative be identical to the claims of the class. *Edward D. Jones & Co.*, 643 N.E.2d at 407; *Louisville R. Co.*, at 589–590, 390 N.E.2d at 670. Rather, typicality is satisfied if it is shown that the representative plaintiff's claims are neither in conflict nor antagonistic to the class as a

whole. *Edward D. Jones & Co.*, 643 N.E.2d at 407. Although facts may differ, typicality may be satisfied through the existence of the same legal theory of the plaintiff's claims and defenses. *Id.*

Here, the Hovicks, as named plaintiffs under Counts VIII–XI, purchased a lot in the R.V. Park in 1984 and participated in the lot rental program for a total of four years beginning in 1985. As alleged in the amended complaint, the Hovicks as representative plaintiffs have raised claims based upon the defendants' failure to abide by the lot rental agreements and their failure to account to the signatories to the lot rental agreements with respect to the amount of maintenance fees collected. Similarly, at the certification hearing, Arthur Hovick testified that he had not been paid his portion of rental fees which he believed were due and owing pursuant to the rental agreement. Hovick also testified that the defendants have failed to provide him with an accounting as to assessments received and that he believed that his property value had depreciated due to the defendants' violation of the restrictive covenant. The Hovicks' claims are neither in conflict with nor antagonistic to the class as a whole. The trial court correctly found typicality to be satisfied by the alleged existence of the same legal theory. Accordingly, we affirm the trial court's judgment in part and remand this action with instructions to modify the class definitions consistent with this opinion.

Affirmed in part; reversed and remanded in part.

GARRARD and ROBERTSON, JJ., concur.