**J. John MARSHALL, Appellant–Plaintiff,**

v.

**K & W PRODUCTS, Appellee–Defendant.**

No. 20A04–9607–CV–281.

Court of Appeals of Indiana.

Aug. 22, 1997.

---

J. John Marshall, Elkhart, pro se.

Rebecca T. Clendening, Bingham Summers Welsh & Spilman, Bloomington, for Appellee–Defendant.

## OPINION

CHEZEM, Judge.

### Case Summary[1]

Appellant–Plaintiff, J. John Marshall ("Marshall") appeals the small claims court's denial of his motion to correct errors following a judgment that Appellee–Defendant, K & W Products ("K & W"), was liable for a refund of Marshall's purchase price of K & W's goods, but not for any consequential damages.

### Issue

Marshall raises three issues for our review, but we find the following issue dispositive: whether Marshall's motion to correct errors was deemed denied, thus making his praecipe untimely.

### Facts and Procedural History

The facts most favorable to the judgment indicate that in July of 1994, prior to leaving south Florida to return to northern Indiana, Marshall noticed that the transmission of his automobile was leaking. After driving as far as southern Georgia, Marshall added fluid to his still leaking transmission. The transmission continued to leak and Marshall continued to drive. While still in Georgia, Marshall purchased more transmission fluid and one can of Trans–X, a product manufactured by K & W to stop transmission leaks. Upon entering Tennessee, Marshall's transmission ran out of fluid, burned out, and the automobile stopped running. Marshall sued K & W for breach of warranty seeking as damages the expense of repairing the transmission, towing his car to Indiana, overnight accommodations, and loss of use of the automobile. The small claims court entered judgment for Marshall but found that the remedy was limited to a refund of the purchase price of the can of Trans–X, plus interest. Marshall was awarded $6.25 on August 28, 1995. Marshall filed his motion to correct errors on September 27, 1995. On October 11, 1995, a hearing was set for November 21, 1995, which was continued to December 15, 1995. At the hearing the court took the motion under advisement. The court denied Marshall's motion on March 27, 1996 and Marshall filed his praecipe on April 19, 1996.

### Discussion and Decision

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind.Trial Rule 52(A). This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *City of Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115, 116 (Ind.1995) (quoting S.C.R. 8(A)).

Indiana Trial Rule 1, which governs the scope of the trial rules states: "[e]xcept as otherwise provided, these rules govern the

---

1. K & W's Brief of Appellee was received by the clerk of this court ten days late. Marshall's Reply Brief of Appellant was received four days late.

   Appellant is advised that "[n]otations shall be made on the margin of each page of the transcript of the evidence indicating the name of each witness, and whether the examination is direct, cross, or redirect." Ind. Appellate Rule 7.2(A)(3)(a).

procedure and practice in all courts of the state of Indiana in all suits of a civil nature." Indiana Small Claims Rule 1 provides: "[t]hese rules shall apply to all small claims proceedings in all courts of the State of Indiana ... having jurisdiction over small claims." Our supreme court has held that "the Rules of Trial Procedure apply in small claims court unless the particular rule in question is inconsistent with something in the small claims rules." *Bowman v. Kitchel*, 644 N.E.2d 878, 879 (Ind.1995). The small claims rules do not provide for a motion to correct errors but state that "[j]udgments shall be subject to review as prescribed by relevant Indiana rules and statutes." S.C.R. 11(A).

■ Indiana Appellate Rule 2(A) requires that every party seeking an appeal must first file a praecipe within thirty days of the entry of final judgment. *Roscoe v. Roscoe*, 673 N.E.2d 820, 821 (Ind.Ct.App.1996). When a party opts to file a motion to correct error, however, the praecipe must be filed within thirty days from either the date the trial court rules on the motion to correct error or the date the motion is deemed denied. App.R. 2(A); T.R. 53.3. Failure to file the praecipe in a timely manner is a jurisdictional failure requiring dismissal of the appeal. *Roscoe*, 673 N.E.2d at 821. Additionally, T.R. 53.3 limits the time available for a trial court to rule on a motion to correct error. If the trial court "fails to rule on a Motion to Correct Error within thirty (30) days after it was heard," the motion "shall be deemed denied." T.R. 53.3(A). This rule is self-activating upon the passage of the requisite number of days. *Roscoe*, 673 N.E.2d at 821. Exceptions to the time limitation for ruling on a motion to correct errors are found in T.R. 53.3(B) and state that the rule does not apply where "[t]he party has failed to serve the judge personally." T.R. 53.3(B)(1). The record here does not indicate that Marshall served the trial judge personally with the motion to correct errors as required by T.R. 59(C).

■ Prior to 1983, when T.R. 53.3 was added, T.R. 53.1(A) included motions to correct error within its rule providing for dis-

qualification of a judge. "The purpose of the rule is plainly to require courts to act promptly on motions submitted to them and to provide a means of relief if they fail to do so." *Unishops, Inc. v. May's Family Centers, Inc.*, 176 Ind.App. 406, 375 N.E.2d 1135, 1137 (1978). "Such provisions are not new in Indiana law, although prior decisions stressed the necessity that the trial judge have actual knowledge of the pendency of the motion before his removal would be proper." *Id.* "We think this explains the provision of the 1973 amendment to the rule which added the requirement of serving a copy on the judge." *Id.*

We conclude that the exception for personal service of the judge only applies where the judge has no actual knowledge of the motion to correct error, such as where the motion would be deemed denied after 45 days for failure to set the motion for hearing. Where, as here, a hearing was held and the judge plainly had actual knowledge of the motion, the exception for personal service serves no purpose. We hold that the exception found in T.R. 53.3(B)(1) does not apply to T.R. 53.3(A) where the judge has actual knowledge of the motion to correct errors.

■ Here, the trial court held a hearing on Marshall's motion to correct error on December 15, 1995. Thus, the trial court had until January 16, 1996 to rule on the motion.[2] Marshall's motion was therefore deemed denied on January 16, 1996 and Marshall was required to file his praecipe by February 15, 1996. Because Marshall did not file his praecipe until April 19, 1996, his praecipe was not timely filed and as a result, we lack jurisdiction and must dismiss the appeal.

Appeal dismissed.

RILEY and HOFFMAN, JJ., concur.

---

2. January 14, 1996 fell on a Sunday, and the following day was a legal holiday.