Joanne DEMMOND, Appellant–
Petitioner,

v.

Douglas DEMMOND, Appellee–
Respondent.

No. 64A04–9809–CV–477.

Court of Appeals of Indiana.

Feb. 25, 1999.

Joanne Lohmeyer, Valparaiso, Indiana, Attorney for Appellant.

George R. Livarchik, Chesterton, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

This case presents an issue of first impression: Under Trial Rule 53.3, is the thirty-day time limit for a trial court to rule on a motion to correct error extended by requests for and submission of proposed orders? We answer in the negative and remand.

### FACTS AND PROCEDURAL HISTORY

On May 1, 1998, the Porter Superior Court entered a Dissolution Decree in the marriage of Joanne Demmond (Wife) and Douglas Demmond (Husband). Husband and Wife filed respective Motions to Correct Error. On July 16, 1998 a hearing was held on those motions and they were taken under advisement.

The trial court requested that the parties agree to an extension of time for the trial court to rule. Wife refused to agree to that extension of time, and on July 20, 1998 the trial court ordered the parties to submit Proposed Orders by July 26, 1998. Those Proposed Orders were submitted by Wife on July 23, 1998 and by Husband on July 24, 1998. The trial court issued an Amended Dissolution Decree on August 19, 1998—two days after the expiration of the thirty days specified in Trial Rule 53.3. Husband filed two Motions to Correct Clerical Mistakes, one of which was granted while the other was denied. On September 14, 1998, Wife filed

her praecipe asking that the record of proceedings be prepared, and the instant appeal ensued.

## DISCUSSION AND DECISION

Trial Rule 53.3(A) provides:

In the event a court fails ... to rule on a Motion to Correct Error within thirty (30) days after it was heard ... the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

 This rule is self-activating upon the passage of the thirty days. *Marshall v. K & W Prods.*, 683 N.E.2d 1359, 1361 (Ind.Ct. App.1997). Once the motion to correct error is deemed denied, the trial court's power to rule on the motion is extinguished. *Rose v. Denman*, 676 N.E.2d 777, 781 (Ind.Ct.App. 1997). Any subsequent ruling is therefore a nullity. *Id.*

In the present case, the trial court lost its power to rule on the motions to correct error on August 17, 1998—two days before the Amended Dissolution Decree was entered. As a result, the Amended Dissolution Decree is a nullity.

 Husband first argues the trial court order that the parties submit Proposed Orders within ten days of July 16, 1998 extended the thirty-day time limit for the trial court to rule. He cites *Oswald v. Paston*, 509 N.E.2d 217, 219 (Ind.Ct.App.1987), for the proposition that "the 'Lazy Judge' time limits do not begin to run until said submissions are filed with the court." Appellee's Brief at 5.

In *Oswald*, the trial court heard evidence on January 23, 1986 and entered a minute continuing the case to allow the plaintiffs to file a reply memorandum within ten days. The reply memorandum was filed on January 31, 1986. Under the version of Trial Rule 53.2 in effect at the time, the trial court was required to rule within ninety days of a hearing. This court in *Oswald* held that the ninety-day time limit did not start to run

until the reply memorandum had been submitted.

As a result, Husband argues that the trial court's deadline for ruling on the motions to correct error was extended for an additional ten days, thus making the August 19, 1998 Amended Dissolution Decree timely. We do not agree. A review of the record reveals that the trial judge initially asked the parties to agree to an extension of time for his ruling on the motions to correct error. He stated: "Let me tell you that if you will so stipulate, then you'll have 30 days or until August 17th to submit these corrected proposed decrees and I will rule within 30 days thereafter." R. at 202. When Wife would not so stipulate, the trial judge ordered, on July 20, 1998, "as the court directed, the parties have ten (10) days from July 16, 1998 to have proposed orders submitted." *Id.* at 96.

The comments made by the trial judge indicate that he intended to comply with the Trial Rule 53.3 thirty-day time limit. Otherwise, he could have, pursuant to Trial Rule 53.3(D), made an entry of extension of time without the approval of the attorneys.[1]

Husband next argues that Trial Rule 53.3 is similar to 53.1. He refers to 4 James W. Torke, *Indiana Forms of Pleading and Practice*, ¶ 53.3.06[1], at 53.3–5 to –6 (1998), which states that "[u]nder Trial Rule 53.1, the courts have developed the rule that if the court rules upon the pending motion before the effective date of the praecipe for withdrawal, the party is deemed to have waived its rights to withdrawal. While no comparable cases have been decided under Trial Rule 53.3, this approach seems sensible and should control similar questions which arise under Trial Rule 53.3." (Footnote omitted). This passage ignores the language of *Rose v. Denman*, which stated that any ruling by the trial court after the expiration of thirty days was a "nullity." 676 N.E.2d at 781.

 We find that the trial court lost its power to rule on the motions to correct error on August 17, 1998. As a result, the Amend-

---

1. Trial Rule 53.3(D) provides in part that:
 The Judge before whom a Motion to Correct Error is pending may extend the time limita-

tion for ruling for a period of no more than thirty (30) days by filing an entry in the cause advising all parties of the extension.

ed Dissolution Decree entered on August 19, 1998 is a nullity. The original Dissolution Decree entered on May 1, 1998 controls.

Remanded for further proceedings consistent with this opinion.

KIRSCH, J., and FRIEDLANDER, J., concur.