Gerald Franklin WRIGHT, Appellant,

v.

Kimberly Vanarsdale WRIGHT, Appellee.

No. 32A01–0208–CV–293.

Court of Appeals of Indiana.

Dec. 12, 2002.

Publication Ordered Jan. 23, 2003.

**364**

Steven T. Fulk, Fulk & Allain, Indianapolis, IN, Attorney for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Gerald Franklin Wright ("Husband") appeals the trial court's denial of his motion to correct error. He presents two issues for our review, which we restate as:

1. Whether Husband properly served his motion to correct error on the trial court pursuant to Trial Rule 59.

2. Whether the trial court abused its discretion when it modified the terms of the parties' dissolution decree regarding Husband's visitation with his children.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Husband and Wife, Kimberly Vanarsdale Wright, were married and had four children together. In 1999, Wife filed a petition for dissolution of the marriage. Husband and Wife reached an agreement regarding the division of marital property

and custody and visitation of their four children. On August 9, 2001, at the final hearing regarding the dissolution petition, the parties read into the record portions of the agreement and submitted a copy of the written agreement to the trial court.[1] The court approved the agreement, without the parties' signatures, and agreed to sign the dissolution decree after the parties submitted one.

When Husband's attorney did not file a copy of the settlement agreement with the court, Wife's attorney filed one. In its dissolution decree, the court approved the agreement "in all respects and without the signatures of the parties or their attorneys as stipulated and approved in open court." The parties' agreement, signed by the trial court on November 26, 2001, states, in relevant part, as follows:

8. *VISITATION AND CUSTODY.* Wife shall have legal custody of the children. All visitation and parenting time shall proceed pursuant to the Indiana Parenting Time Guidelines, and the whole of those Guidelines, including the provisions dealing with the interaction of the parties, are incorporated herein by reference.

In addition to the visitation schedules set out in the Guidelines, the parties agree to the following:

A. During the children's vacation days off from school, Husband shall have an additional weeknight of visitation with the children, which shall include an overnight stay.

B. During the school year when the children are not on vacation, Husband shall have one regular weeknight of visitation with the children.

C. Husband's alternating weekend visitation pursuant to the Guidelines shall begin on Friday at 4:45 p.m. and shall end Sunday at 6:00 p.m.

D. Husband's alternating weekend visitation pursuant to the Guidelines during the children's vacation time off from school shall extend through Monday morning until 8:30 a.m. or to the beginning of school, whichever is appropriate, and Husband is responsible during this extended visitation for return arrangements if Wife is working at the return time.

Wife subsequently filed a motion to correct error, seeking to amend several provisions contained in the parties' agreement, including the provision regarding visitation. Specifically, Wife argued that Husband would be responsible for pick up and delivery of the children during *every* weeknight visitation. Wife also stated that Husband would *always* be responsible for delivery of the children following an extended overnight visitation (when the children were not in school). At the hearing on Wife's motion, Husband disputed Wife's contentions and argued that their agreement on the visitation issue was properly set out in the agreement approved by the trial court in its decree.

The trial court granted Wife's motion to correct error and issued an order thereon, amending the dissolution decree, in relevant part, as follows:

*Pick up and return of children:*

The parties shall follow the Parenting Time Guidelines concerning the pick up and return of the children except that [Husband] shall pick up and return the children during week night parenting time and if parenting time is extended overnight to a week day. The parties shall continue to communicate regularly

---

1. The copy of the agreement submitted to the court on August 9, 2001 had been altered by handwritten notations made by the parties' attorneys immediately prior to the hearing.

to avoid confusion concerning parenting time.

Husband subsequently filed a motion to correct error seeking to change the "pick up and return" provision back to the way it appeared in the original agreement approved and signed by the trial court on November 26, 2001. Wife opposed that motion and, in addition to disputing the substance of the parties' agreement, alleged that Husband had not properly served his motion on the court. The court entered a general denial of Husband's motion, and this appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

■ Wife has filed no appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may in our discretion reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Hubbard v. Hubbard,* 690 N.E.2d 1219, 1220 (Ind.Ct.App.1998). This rule was established for our protection so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.*

■ We review the trial court's decision to grant or deny a motion to correct error for abuse of discretion. *Sears Roebuck and Co. v. Noppert,* 705 N.E.2d 1065, 1067 (Ind.Ct.App.1999), *trans. denied.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Gregor v. State,* 646

N.E.2d 52, 53 (Ind.Ct.App.1994). An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations. *Id.*

### Issue One: Service on Trial Court

■ Husband first contends that, despite Wife's assertion to the contrary, he obtained proper service of his motion to correct error on the trial court.[2] Thus, Husband maintains that the trial court should not have denied his motion on that basis. We must agree. In *Unishops, Inc. v. May's Family Centers, Inc.,* 176 Ind. App. 406, 375 N.E.2d 1135, 1136–38 (1978), this court addressed this issue and held that delivery to the clerk of the court was sufficient to satisfy the requirement under Trial Rule 59 that a motion to correct error be served on the trial court. *See also* Ind. Trial Rule 5. Thus, here, when Husband filed his motion with the clerk on March 18, 2002, he properly served the trial court.

### Issue Two: Visitation

■ Husband next maintains that the trial court abused its discretion when it denied his motion to correct error. Specifically, Husband contends that the trial court erred when, after first approving the parties' settlement agreement in all respects, it granted Wife's motion to correct error and modified the terms of the visitation provision without Husband's consent. In effect, Husband contends that there was no error in the visitation provision of the dissolution decree, and Wife's motion to correct error was tantamount to a petition to modify visitation.[3]

---

**2.** Because the trial court did not state its reason(s) for denying the motion, we address each of the possible grounds.

**3.** But the trial court could not modify the parties' visitation agreement absent a show-

ing that the modification would serve the best interests of the child. *See* Ind.Code § 31–17–4–2.

Indiana Code Section 31–15–2–17 provides in relevant part:

> (b) In an action for dissolution of marriage:
>
> (1) the terms of the [parties' property and/or custody] agreement, if approved by the court, shall be incorporated and merged into the decree and the parties shall be ordered to perform the terms; *or*
>
> (2) the court may make provisions for:
>
> (A) the disposition of property;
>
> (B) child support;
>
> (C) maintenance; and
>
> (D) custody;
>
> as approved in this title.

(Emphasis added). Husband maintains that the trial court essentially adopted the parties' agreement under Indiana Code Section 31–15–2–17(b)(1), but subsequently made provisions regarding visitation not contained in that agreement under Section (b)(2). Husband contends that the statute only authorizes the trial court to choose one *or* the other course of action.

We agree with Husband that, in the dissolution decree, the trial court unequivocally "approved and ordered [the agreement] in all respects without the signatures of the parties or their attorneys as stipulated and approved in open court." As such, under the statute, the court was prohibited from subsequently making provisions regarding visitation not contained in the parties' agreement.

We also note that, while the version of the agreement incorporated into the decree was not the same as that submitted to the trial court at the final hearing, both versions were consistent on the transportation issue. In particular, the version submitted to the trial court on August 9, 2001 stated the following regarding visitation:

> Visitation for [Husband] shall follow Parenting Time guidelines for weekend visitations with the exception that his visits will begin at 4:45. Weekend visitation would conclude at 6:00 p.m. on Sunday evening. During breaks from school, exception [sic] will be that [Husband] may extend his evening visitation during the week and on Sunday to include an overnight stay with children being returned at 8:30 a.m. During extended overnight vis. on Sundays & weeknights, if [Wife] is working during return time, [Husband] is respons. for return arr's.[4]

Moreover, during the final hearing, Husband's attorney read the parties' agreed provision regarding visitation aloud to the court as follows:

> [Husband's Attorney]: Yeah. Your Honor, Paragraph No. 9 [of the agreement] reads[:] visitation for Respondent, Gerald Wright, shall follow the Indiana Parenting Time Guidelines for visitation with the exception that his visits will begin at 4:45 p.m. Weekend visitation—okay. Weekend visitation will conclude at 6:00 p.m. on Sunday evening. During breaks from school the exception to that is that Jerry may extend his evening visitation during the week and on Sunday to include an overnight stay with the children being returned home at 8:30 a.m. the next morning. During extended overnight visitation on Sundays and weeknights *if Kim Wright, the Petitioner is working during the return time,* 8:30 a.m., Respondent, Gerald Wright, agrees to be responsible for return arrangements.
>
> [Wife's Attorney]: Only one problem, the home. They shall be returned at

4. As noted earlier, this version contained both typewritten and handwritten text.

8:00 there because there may be a day-care.

[Husband's Attorney]: Did I say home?

[Wife's Attorney]: Yeah, you said home.

[Husband's Attorney]: I'm sorry.

[Wife's Attorney]: That's fine.

[Husband's Attorney]: So just—

THE COURT: (Interposing) Yeah, if she's working the next day you want to make sure that—

[Husband's Attorney]: (Interposing) Right, right.

THE COURT:—the kids aren't just dropped off at home.

(Emphasis added). Thus, Wife had an opportunity to object to Husband's statement regarding the visitation provision, which clearly indicated that Husband would only be responsible for returning the children following an extended overnight visitation if Wife was working at the return time and that the Parenting Time Guidelines would apply the rest of the time.[5] But Wife objected only to the use of the word "home" with respect to where Husband would return the children following an extended overnight visitation.

■ If the visitation provision contained in the decree was error, it was invited error. We addressed a similar situation in *Stolberg v. Stolberg*, 538 N.E.2d 1, 5 (Ind. Ct.App.1989). There, the wife attempted to repudiate the parties' property settlement agreement some six months after the trial court had approved it and incorporated it into the dissolution decree. We noted, as here, that the wife had several opportunities to object to the agreement's provisions: at the final hearing, where she requested that the court approve the settlement as testified to by her husband; during the two weeks thereafter, where the parties were preparing a written agreement per the court's order; and when she received an unsigned copy of the decree for her review. *Id.* We held that the wife had invited any error of which she complained when she clearly agreed, without objection, to the settlement agreement and acquiesced in the procedure used in drawing up the agreement. *Id.*

Likewise, here, we hold that any error Wife alleged to have existed in the dissolution decree was invited error. *See id.* As we have noted, Husband read the visitation provision at the final hearing, and Wife only objected to one word. Thereafter, Wife did not object to any part of the agreement submitted to the trial court to be incorporated into the decree. Thus, Wife was precluded from taking advantage of the invited error, *see id.*, and the trial court abused its discretion when it granted Wife's motion and modified the visitation provision.

In sum, none of the evidence regarding the parties' agreement that was before the trial court, written or oral, supports the trial court's order granting Wife's motion to correct error with respect to the visitation provision. And the error, if any, was invited error. As such, we conclude that the trial court abused its discretion when it denied Husband's motion to correct error. We reverse the trial court's order denying that motion, and we remand this matter to the trial court with instructions to issue a new order regarding visitation, incorporating, verbatim, Article II, paragraph 8 of the parties' agreement approved and signed by the court on November 26, 2001.

---

5. Thus, the Guidelines would apply to Husband's weeknight visits and regular overnight visits. Guideline I(B)(1) provides:

Unless otherwise agreed between the parents, the non-custodial parent shall provide transportation for the child at the start of the scheduled parenting time and the custodial parent shall provide transportation for the child at the end of the scheduled parenting time.

Reversed and remanded with instructions.

VAIDIK, J., and KIRSCH, J., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal on December 12, 2002, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files herein Motion to Publish, requesting this Court to publish said opinion on the grounds that it clarifies Indiana Statutory Law on trial court discretion in accepting and then attempting to modify dissolution settlement agreements and also provides guidance on a legal issue of substantial public importance in the ability of parties to settle reliably among themselves, disputes in dissolution actions.

The Court having examined said Motion, having reviewed its opinion in this case, and being duly advised, now finds that the Appellant's said Motion to Publish should be granted.

IT IS THEREFORE ORDERED that the Appellant's Motion to Publish Opinion is granted and this Court's opinion heretofore handed down in this cause on December 12, 2002, marked Memorandum Decision, Not for Publication is now ordered published.

All Panel Judges concur.